**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

STEVE HILLIS, husband; DIANE
HILLIS, wife,
                *Plaintiffs-Appellants,*

                v.

BARBARA L. HEINEMAN,
wife/Trustee of the Year 2002
Revocable Trust Dated August 16,
2002; RONALD E. HEINEMAN,
husband; GREGORY BARTKO;
PERSONS 1-10,
                *Defendants-Appellees,*

                v.

JOHN RAYMOND FOX,
                *Third-party-defendant.*

No. 09-17040

D.C. No.
2:09-cv-00073-DGC

OPINION

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 5, 2010*
San Francisco, California

Filed November 19, 2010

Before: Ronald M. Gould, Sandra S. Ikuta, Circuit Judges,
and Edward R. Korman, Senior District Judge.**

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

Opinion by Judge Gould

## COUNSEL

Harry N. Stone, The Stone Law Firm, Phoenix, Arizona, for plaintiffs-appellants Steve Hillis and Diane Hillis.

Gregory Bartko, Law Office of Gregory Bartko, LLC, Atlanta, Georgia, for defendants-appellees Ronald Heineman and Barbara Heineman; Barbara Heineman, Trustee of the Year 2002 Revocable Trust Dated August 16, 2002; and Gregory Bartko.

## OPINION

GOULD, Circuit Judge:

We must decide whether a defendant who files a counter-claim or a third-party complaint waives the asserted defense of improper venue under Federal Rule of Civil Procedure 12(b)(3). We hold that filing a counterclaim or a third-party complaint does not waive the defense of improper venue.

## I

In 2006, Steve and Diane Hillis were solicited by John Fox, who had been retained by Resolve Staffing to sell securities.

Fox persuaded Steve Hillis to pay $135,000 and sign a Subscription Agreement in return for 90,000 shares of Resolve Staffing common stock. In 2007, Hillis and Resolve Staffing executed a Warrant Amendment and Exchange Agreement. The Warrant Amendment entitled the Hillises to buy another 90,000 shares of stock at a lower price than the first batch. These agreements each had a forum selection clause: the Subscription Agreement required venue in "the courts of the State of Ohio" and the Warrant Amendment required venue in the "State or Federal Courts serving the State of Ohio."

In 2008, Resolve Staffing went out of business because of the involuntary foreclosure and sale of its assets by its primary lender. The Hillises lost their entire investment. They sued Resolve Staffing in Arizona state court and won a default judgment, which they could not collect because Resolve Staffing had no assets. In 2009, the Hillises sued again, this time a diversity suit in federal court in the District of Arizona against Resolve Staffing's former president and C.E.O., Ronald Heineman, his wife, Barbara Heineman, and Resolve Staffing's former securities counsel, Gregory Bartko ("Defendants"). Defendants filed answers that specifically included a defense of improper venue premised on the forum selection clauses. Defendants also filed counterclaims with their answers, and the Heinemans filed separately a third-party complaint against John Fox. The district court dismissed the complaint for improper venue based on the forum selection clauses.

## II

On appeal, the Hillises contend that by filing counterclaims and a third-party complaint, Defendants waived any improper venue defense and that Bartko waived his improper venue defense by failing to assert it in his first motion to dismiss.

[1] Although we are not aware of Ninth Circuit precedent squarely addressing this precise issue, district courts have

held that filing a counterclaim does not waive a defense of improper venue. *See, e.g., Happy Mfg. Co. v. S. Air & Hydraulics, Inc.*, 572 F. Supp. 891, 893 (N.D. Tex. 1982) ("[T]here [is] nothing in Rules 12(h) or 12(b) which suggests that a venue defense is waived by filing a counterclaim. . . . Moreover, the policies behind Rule 12(b) strongly support the conclusion that a defendant does not waive a venue defense by simultaneously filing a counterclaim."); *Rogen v. Memry Corp.*, 886 F. Supp. 393, 396 (S.D.N.Y. 1995) ("[T]he fact that [Defendant] filed a counterclaim and participated in discovery does not render its objections to venue abandoned.").

**[2]** Also, the language of Federal Rule of Civil Procedure 12 does not support the Hillises' theory of waiver. Rule 12(b) states:

> **(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
>
> (2) lack of personal jurisdiction;
>
> (3) improper venue;
>
> * * *
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b). Rule 12(h)(1) specifically discusses waiver of 12(b) defenses:

**(h) Waiving and Preserving Certain Defenses.**

(1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:

> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

> (B) failing to either:

>> (i) make it by motion under this rule; or

>> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1). Rule 12(h)(1) refers to Rule 12(g)(2), which states that, subject to two exceptions, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

**[3]** The Hillises, without citing any authority, contend that, under these rules, Defendants waived any 12(b)(3) defense of improper venue by filing counterclaims and a third-party complaint. But there is nothing in the language of these rules to support such a position. Only the most compelling of reasons will persuade us to imply an exception where the statutory text does not supply one. *See United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001) (quoting *United States v. Rutherford*, 442 U.S. 544, 551-52 (1979)). This same principle of statutory construction applies to interpreting the Federal Rules of Civil Procedure. *See United States v. Fort*, 472 F.3d 1106, 1123-24 (9th Cir. 2007).

No such reason has been offered here, so we decline to add the Hillises' desired gloss to the plain text of Rule 12. To the contrary, the literal language of Rule 12 fits much better with a decision that asserting a counterclaim does not waive a defense of improper venue.

We reached a similar conclusion when considering a related question: whether the filing of a counterclaim waives the defense of lack of personal jurisdiction, which is available under Rule 12(b)(2). In *Gates Learjet Corp. v. Jensen*, we held that "the filing of a permissive counterclaim does not constitute a waiver of a personal jurisdiction defense asserted in the same pleading. Rule 12(b) of the Federal Rules of Civil Procedure implicitly authorizes a defendant to join a jurisdictional defense with a counterclaim without waiving this defense." 743 F.2d 1325, 1330 n.1 (9th Cir. 1984). We explained:

> The rule permits a defendant to raise jurisdictional defenses by motion or by answer. If we were to find a waiver when a defendant files a permissive counterclaim in the same pleading in which he asserts jurisdictional defenses, the purposes behind Rule 12(b)—to avoid the delay caused by successive motions and pleadings and to reverse the prior practice of asserting jurisdictional defenses by "special appearances"—would be thwarted. Moreover, courts have noted that when the rule makers wanted to attach "waiver" consequences in certain situations, they did so explicitly.

*Id.* (citations omitted). There is some disagreement between the circuits, but our approach in *Gates Learjet Corp.* is consistent with "the prevailing view," as recognized by the Fifth Circuit. *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987) ("[T]he filing of a counterclaim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction, whether that objection

is raised by motion or answer, provided that the objection is not otherwise waived in the course of the litigation.").

**[4]** We discern no principled distinction between the rule that we set forth in *Gates Learjet Corp.,* and the rule that we adopt here. We hold that the filing of a counterclaim, permissive or otherwise, does not constitute a waiver of a defense of improper venue asserted in an answer. We further hold that the filing of a third-party complaint does not waive a defense of improper venue asserted in an answer.

Our decision that assertion of a counterclaim or third-party claim does not waive the defense of improper venue is in accord with the consistent views of the leading federal procedure treatises. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1397 (3d ed. 2004) ("The trend in more recent cases is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim, whether permissive or compulsory. . . . The same result has been reached by several courts with regard to the effect of interposing cross-claims and third-party claims. This approach seems sound."); 3 James Wm. Moore et al., *Moore's Federal Practice* § 13.111 (Matthew Bender 3d ed. 2010) ("It is increasingly held that a defendant does not waive jurisdictional defenses by asserting a compulsory counterclaim. Some courts find that jurisdictional defenses are not waived by filing permissive counterclaims or crossclaims.")

We follow this well-traveled path in holding that the mere assertion of a counterclaim will not waive a defense of improper venue that was explicitly asserted in an answer filed contemporaneously with the counterclaim. This conclusion is also consistent with the important and constructive principle of our adversary system that parties may argue alternative positions without waiver. *See* Fed. R. Civ. P. 8(d)(2)-(3) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically. . . . A party may state as many separate claims or defenses as it has, regardless of consisten-

cy."); *see also* Wright & Miller, *supra*, § 1397 ("Moreover, this practice of allowing a defendant in effect to plead alternatively a counterclaim and one or more threshold defenses conserves judicial resources, for if one of the defenses proves successful, the parties need not litigate a claim that the defendant presumably has no interest in asserting independently."). We endorse the general rule that the assertion of alternative defenses in an answer, or the assertion of claims in a counterclaim or a third-party claim, will not waive a defense that has been asserted previously or contemporaneously in an answer.[1]

## III

The Hillises further contend that the Subscription Agreement is illegal under Arizona law, that it is voidable at Steve Hillis's option, that Steve Hillis in fact voided it by filing a complaint in the district court, and that the forum selection clause within the Agreement undermines the public policy of Arizona. These arguments are raised for the first time on appeal, and because they were never argued before the district court, we deem them waived. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).

**AFFIRMED.**

---

[1]Even if Bartko waived his improper venue defense by failing to raise it in his first motion to dismiss, *see* Fed. R. Civ. P. 12(g)(2), (h)(1)(A), the district court dismissed the action against Bartko on the alternative ground that the complaint failed to state a claim upon which relief could be granted under Rule 12(b)(6). Because the Hillises do not challenge the alternative ground on appeal, they have waived it, *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 n.1 (9th Cir 2008), and we affirm the dismissal of the claims against Bartko on that basis.