**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY,<br><br>                Plaintiff - Appellee,<br><br> v.<br><br>BROOKSTREET SECURITIES CORPORATION; et al.,<br><br>                Defendants,<br><br>and<br><br>JUDITH L. CHIOSSO-GLASS,<br><br>                Defendant - Appellant. | No. 10-55060<br><br>D.C. No. 8:07-cv-01095-CJC-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted June 9, 2011
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER, and N.R. SMITH, Circuit Judges, and BREWSTER, Senior District Judge.[**]

We affirm the district court's order granting summary judgment in favor of the Appellee/Insurer, Illinois Union Insurance Company.

The professional liability insurance policy provides, in relevant part, the following exclusion:

> The Insurer shall not be liable for **Loss** on account of any **Claim** made against any **Insured**:
> . . . .
> **W.** Based upon, arising out of, or attributable to the sale, attempted sale, or servicing of:
> **1.** Commodities, commodity future contracts, any type of option contract or derivative.

The policy clearly excluded losses arising out of investments in derivatives. The collateralized mortgage bonds in Appellant's portfolio were derivatives.[1]

Appellant argues that part of her damage arises out of conduct that is separate and apart from the sale of derivatives. She contends that the Insured, Brookstreet Securities Corporation, breached its fiduciary duty, committed fraud, made misrepresentations, omitted material facts, acted negligently, and violated state and federal securities laws *before* buying derivatives. Appellant argues the insurance

---

[**] The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

[1] The district court held that collateralized mortgage bonds fell within the definition of derivatives. Appellant did not appeal that issue.

-2-

policy covers this distinct conduct under a theory of concurrent causation or efficient proximate cause analysis. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Partridge*, 514 P.2d 123, 129–32 (Cal. 1973).

We are not persuaded by this argument. The exclusion at issue in this case applies irrespective of the legal theory of recovery asserted against the Insured. *See Century Transit Sys., Inc. v. Am. Empire Surplus Lines Ins. Co.*, 49 Cal. Rptr. 2d 567, 571 (Ct. App. 1996). The plain terms of the policy exclude coverage for any loss attributable to an investment in derivatives. The fact that the Insured allegedly made intentional misrepresentations of fact or breached a fiduciary duty sets up the purchase of collateralized mortgage bonds. The measure of damages for each and every claim is loss based upon the purchase and sale of derivatives; therefore, these claims directly arise from a category of claims arising from a loss specifically excluded from coverage. *See Cont'l Cas. Co. v. City of Richmond*, 763 F.2d 1076, 1081–82 (9th Cir. 1985); *Century Transit*, 49 Cal. Rptr. 2d at 571–72 & n.6.

AFFIRMED.

N.R. SMITH, Circuit Judge, concurring in part:

Appellant argued in her Reply Brief that she had an actionable claim against Brookstreet under California's "concurrent cause doctrine," notwithstanding the policy exclusion. *See Cont'l Cas. Co. v. City of Richmond*, 763 F.2d 1076, 1081 (9th Cir. 1985) ("[U]nder California insurance law, when two different risks concur in proximately causing a loss, coverage will be upheld if *either risk is covered*, notwithstanding the exclusion of the other." (citing *State Farm Mut. Auto. Ins. Co. v. Partridge*, 514 P.2d 123, 129 (Cal. 1973) (emphasis added)). Although her concurrent cause claim may have merit, Appellant waived this argument by failing to raise it (1) before the district court, *see Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010), and (2) in her Opening Brief, *see Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir. 1995). We must therefore affirm the district court's summary judgment order.