N.R. SMITH, Circuit Judge,
concurring in part:
Appellant argued in her Reply Brief that she had an actionable claim against Brook-street under California’s “concurrent cause doctrine,” notwithstanding the policy exclusion. See Cont’l Cas. Co. v. City of Richmond, 763 F.2d 1076, 1081 (9th Cir.1985) (“[U]nder California insurance law, when two different risks concur in proximately causing a loss, coverage will be upheld if either risk is covered, notwithstanding the exclusion of the other.” (citing State Farm Mut. Auto. Ins. Co. v. Partridge, 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123, 129 (1973) (emphasis added))). Although her concurrent cause claim may have merit, Appellant waived this argument by failing to raise it (1) before the district court, see Hillis v. Heineman, 626 F.3d 1014, 1019 (9th Cir.2010), and (2) in her Opening Brief, see Dilley v. Gunn, 64 F.3d 1365, 1367 (9th Cir.1995). We must therefore affirm the district court’s summary judgment order.