FILED

**NOT FOR PUBLICATION**

DEC 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SODALIN KAING, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>PULTEGROUP, INC.; PULTE HOME CORPORATION; PULTE MORTGAGE LLC,<br><br>        Defendants - Appellees. | No. 10-15604<br><br>D.C. No. 3:09-cv-05057-SC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

Argued and Submitted May 9, 2011
San Francisco, California

Before: B. FLETCHER, THOMAS, and CALLAHAN,[**] Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Consuelo M. Callahan, United States Circuit Judge, was drawn to replace the Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, who retired from the bench on September 1, 2011. Judge Callahan has read the briefs, reviewed the record, and listened to the audio recording of oral argument held on May 9, 2011.

Sodalin Kaing, on behalf of herself and a putative class of similarly situated plaintiffs, appeals the district court's order dismissing her complaint against Pulte Homes, Inc., Pulte Home Corporation, and Pulte Mortgage, LLC ("Pulte"), for lack of standing. Kaing also challenges the district court's denial of leave to amend. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In this diversity lawsuit, Kaing alleges negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and violation of California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA"). In her complaint, Kaing claimed that Pulte's actions caused her home to lose value beyond the losses caused by general economic conditions.[1] Kaing alleged that Pulte encouraged and then financed unqualified and subprime home purchasers while concealing from other purchasers of homes in the neighborhood the extent of subprime lending. Kaing stated that she was one of the unqualified buyers and that she would not have qualified for a loan from an independent lender. Kaing also alleged that she paid an inflated purchase price because Pulte used an inflated

---

[1] Kaing also claims that Pulte's actions additionally caused her to lose eligibility for loans secured by her property and caused degradation of her home and neighborhood. Kaing waived these arguments by failing to raise them before the district court. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

appraisal and offered purchasers an illusory incentive payment. The district court granted Pulte's motion to dismiss and dismissed the case with prejudice.

We review de novo the district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1196–97 (9th. Cir. 2004). To satisfy Article III's standing requirements, Kaing must demonstrate that "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000). In *Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2011), we held that a similar claim of decreased property value was a concrete injury-in-fact, but we remanded to the district court so that plaintiffs could attempt to amend their complaint in order to establish a sufficient causal connection to satisfy standing requirements. *Id*. at 1069, 1072–73. Like the plaintiffs in *Maya*, Kaing has not sufficiently alleged causation in order to show that her loss in property value is fairly traceable to Pulte. Kaing also admits that she was not qualified to purchase a home from Pulte.

Next, Kaing does not have statutory standing under either the UCL or CLRA. To state a claim under the UCL for misrepresentation a plaintiff must demonstrate actual reliance on the allegedly deceptive statement and a corresponding injury. Cal. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885, 888 (Cal. 2011). Claims under the CLRA also require the plaintiff to demonstrate reliance and injury. *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 696–97 (Cal. Ct. App. 2010) (citing Cal. Civ. Code § 1780(a)). Kaing already knew that the incentive payment was illusory before closing and had reason to know the actual market value of the house despite the allegedly inflated appraisal. Kaing cannot show any injury or reliance on these facts.

Kaing also challenges the district court's denial of leave to amend. We review a denial by the district court of leave to amend for abuse of discretion. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002). Kaing alleged in her complaint that she suffered a greater loss of property value than would have resulted from market changes alone because Pulte financed unqualified buyers, but that she was not qualified for her own loan. Kaing cannot amend to sufficiently allege causation without contradicting the factual allegations in her complaint. *See Johnson v. Lucent Technologies, Inc.*, 653 F.3d 1000, 1012 (9th Cir. 2011).

**WE AFFIRM.**