**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 28 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST JOSEPH FRANCESCHI, Jr., Attorney,<br><br>                    Plaintiff - Appellant,<br><br>  v.<br><br>HARRAH'S ENTERTAINMENT, INC., a Delaware corporation; HARRAH'S OPERATING COMPANY, INC., a Nevada corporation,<br><br>                  Defendants - Appellees. | No. 11-15272<br><br>D.C. No. 2:10-cv-00205-RLH-RJJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted March 19, 2012
Las Vegas, Nevada

Before: CLIFTON, BYBEE, and N.R. SMITH, Circuit Judges.

Ernest Joseph Franceschi, Jr., appeals the district court's sua sponte

dismissal of his complaint without leave to amend. We have jurisdiction under 28

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 1291 and we affirm.

The district court dismissed Franceschi's claims under the California Consumer Legal Remedies Act ("CLRA") and the California Unfair Competition Law ("UCL") for two reasons: (1) Nevada law specifically allows the allegedly unfair practices; and (2) Franceschi could not meet the "reasonable" or "ordinary" consumer test under California law because he is, by his own admission, a sophisticated consumer and not an average one. On appeal, Franceschi does not address or acknowledge the district court's second rationale, so he has waived his challenge to the district court's dismissal of the California statutory claims.[1] Likewise, the district court dismissed Franceschi's fraud claim for two reasons: (1) he failed to allege facts sufficient to show the existence of a "special relationship" between the parties that would give rise to a duty on defendants' part to affirmatively disclose certain facts; and (2) he likely could not prove justifiable reliance. On appeal, Franceschi addresses only the reliance holding, so he has not preserved his challenge to the district court's dismissal of his common law fraud claim. *Cf. Hillis v. Heineman*, 626 F.3d 1014, 1019 n.1 (9th Cir. 2010) (failure to

---

[1] At oral argument, counsel was unable to cite to any page of the brief challenging this ruling. Our own review of the brief confirms this. To the extent Franceschi challenges the district court's determination that he is a "sophisticated card counter who could not possibly be deceived and therefore could not have relied on Defendants' advertising materials," he is clearly addressing the district court's fraud ruling, rather than its CLRA/UCL ruling.

address each of the district court's alternative holdings on appeal results in waiver); *Navellier v. Sletten*, 262 F.3d 923, 948–49 (9th Cir. 2001) (issues not supported by argument or citations to authorities and supporting documents in the record are waived). We therefore do not reach the merits of this case.

AFFIRMED.