**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEATRICE ORKIN GOTTLIEB, on behalf of herself and others similarly situated,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, DBA Senior Health Insurance Company of Pennsylvania and SHIP SENIOR HEALTH INSURANCE COMPANY, DBA Senior Health Insurance Company of Pennsylvania,<br><br>        Defendants,<br><br>  and<br><br>SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA,<br><br>        Defendant - Appellant. | No. 13-56227<br><br>D.C. No. 2:11-cv-02203-GHK-VBK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Victor B. Kenton, Magistrate Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted August 4, 2015
Pasadena, California

Before: D.W. NELSON, SILVERMAN and WARDLAW, Circuit Judges.

Senior Health Insurance Company of Pennsylvania ("SHIP") appeals the district court's award of attorneys' fees under California Code of Civil Procedure § 1021.5 to Beatrice Orkin Gottlieb. We have jurisdiction to review the district court's final order under 28 U.S.C. § 1291. Reviewing the award for an abuse of discretion, *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1005 (9th Cir. 2002), we affirm.

Gottlieb, a California resident, brought a nationwide class action against SHIP in California, seeking rescission of an improper endorsement that had been issued to her and other policyholders. Given SHIP's contacts in California and California's strong interest in the litigation the application of § 1021.5, California's private attorney general fee-shifting statute, to Gottlieb's request for attorneys' fees from SHIP under such circumstances hardly was an extraterritorial application of the law, nor did it violate SHIP's due process rights. *See Shutts v. Phillips Petroleum Co.*, 472 U.S. 797, 821-822 (1985).

Furthermore, Gottlieb's suit satisfies each requirement under § 1021.5. As the district court found, Gottlieb's suit helped spur SHIP to rescind the offending

endorsement, and she succeeded, via final settlement, in gaining an injunction requiring SHIP to extend its practices in three states to the rest of the country. The district court thus properly concluded that Gottlieb was a "successful party," both based on the injunction she obtained, and because she "notif[ied] [SHIP] of [her] grievances and proposed remedies and [gave] [SHIP] the opportunity to meet [her] demands within a reasonable time," such that her efforts to secure the rescission of the endorsement made her a "catalyst." *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 577 (Cal. 2004), *as modified* (Jan. 12, 2005).[1] Further, the district court did not abuse its discretion in concluding that between the rescission and the later injunction, Gottlieb's suit provided a significant benefit to a large class of persons. Finally, SHIP did not specifically argue to the district court that the award did not satisfy the element of § 1021.5 requiring that "the necessity and financial burden of private enforcement . . . [be] such as to make the award appropriate," and so has waived that argument on appeal. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

---

[1]In coming to this conclusion, the court relies on the version of *Graham* in the California Reports, rather than on Westlaw's Pacific Reporter version, which apparently does not include modifications made after the decision's original publication.

The district court also did not abuse its discretion in awarding Gottlieb the full amount of attorneys' fees she sought. The record reflects that her attorneys successfully pursued a fairly complex class action case, which resulted in SHIP rescinding the endorsement and the district court entering an injunction that required SHIP to expand an insured-friendly policy interpretation to the whole country. The time expended and number of attorneys staffed for court appearances and depositions was hardly unreasonable in bringing such an effort to a successful end. Nor, as the district court properly found, were Gottlieb's attorneys required to segregate their billing on her individual claims from that in the class action. Although "[a] court *may* legitimately restrict the award to only that portion of the attorneys' efforts that furthered the litigation of issues of public importance," such restriction is nowhere required, and Gottlieb's individual claims, and her role as class representative, were sufficiently tied up with the rest of the litigation that such segregation would have been impracticable. *In re Conservatorship of Whitley*, 50 Cal. 4th 1206, 1226 (2010) (emphasis added).

**AFFIRMED.**