**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMOND G. SCHREIBER, Revocable Trust and ROBERT SCHREIBER,

    Plaintiffs - Appellants,

v.

ESTATE OF ROBERT KNIEVEL, FKA Evel Knievel; et al.,

    Defendants - Appellees.

No. 13-17455

D.C. No. 2:05-cv-00574-LDG-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted February 10, 2016[**]
San Francisco, California

Before: HAWKINS and MURGUIA, Circuit Judges and MURPHY,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stephen Joseph Murphy III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

Raymond G. Schreiber and his brother, Robert Schreiber, appeal from the district court's judgment denying their claims related to alleged intellectual property rights in the performances, autobiography, and artwork of motorcycle daredevil Robert "Evel" Knievel.[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's judgment.

The Court reviews the district court's findings of fact following a bench trial for clear error. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004). The clear error standard "is significantly deferential, and we will accept the lower court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). We review the district court's conclusions of law de novo. *Id.*

The Schreibers seek to enforce three purported agreements with Knievel that were drafted in 1982. The parties agree with the district court that Ohio contract law governs the agreements. Under Ohio law, as elsewhere, a contract exists only when the parties "consent to its terms," there is a "meeting of the minds," and the contract is "definite and certain." *Episcopal Ret. Homes, Inc. v. Ohio Dep't of*

---

[1] Raymond G. Schreiber died during the litigation in 2011, and the Raymond G. Schreiber Revocable Trust was substituted as a plaintiff. For ease of reference, this memorandum disposition refers to the individual instead of the trust. Evel Knievel also died during the litigation, and his estate was substituted as a defendant.

*Indus. Relations*, 575 N.E.2d 134, 137 (Ohio 1991). To show the requisite meeting of the minds when "more than two (2) persons are intended to be parties to a proposed contract," Ohio law requires that each person manifest an intention to be bound to its essential terms. *Wilson v. Brown*, No. 07CA13, 2008 WL 1062183, at *4 (Ohio Ct. App. Apr. 9, 2008) (quoting *Living Waters Fellowship v. Ross*, No. 00CA2714, 2000 WL 1617945, at *5 (Ohio Ct. App. Oct. 23, 2000)).

Each of the 1982 agreements lists Knievel, Raymond G. Schreiber, and Robert Schreiber as parties. Only Knievel signed the documents. At trial, Robert Schreiber testified, against his interest, that he never agreed to any of the terms, and the Schreibers concede that including Robert Schreiber in the agreements was a mistake. In that light, we hold that the district court did not clearly err in its factual finding that there was no meeting of the minds and that the agreements were therefore unenforceable under Ohio law. *See Garrison v. Daytonian Hotel*, 663 N.E.2d 1316, 1317 (Ohio Ct. App. 1995) (observing that the question of whether a meeting of the minds occurred is a "question of fact to be determined from all the relevant facts and circumstances").

As to the film rights agreement specifically, we also agree with the district court that the terms were fatally uncertain because they failed to specify which "certain performances" of Knievel's are included. *See Mr. Mark Corp. v. Rush,*

3

*Inc.*, 464 N.E.2d 586, 589-90 (Ohio Ct. App. 1983) (noting that the essential terms of a contract must be sufficiently certain such that "they provide a basis for determining the existence of a breach and for giving an appropriate remedy" (internal quotation marks omitted)). Given the uncertainty of terms and the unenforceability of the film rights agreement, the district court also did not err in its determination of ownership of the various film footage and documentary compilations at issue. Nor did the district court err in concluding that two copyrights for Knievel footage held exclusively by Schreiber were invalid. *See Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 556-57 (9th Cir. 1990) (noting that the transfer of a copyright requires a clear, written transfer of ownership).

As to the autobiography and art work agreements, the Schreibers have failed to challenge the district court's alternative reasons as to why those agreements were unenforceable. The Schreibers have therefore waived any challenge, and we affirm the district court's judgment on these alternative bases as well. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 n.1 (9th Cir. 2010).

**AFFIRMED.**