**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELDER ZACARIAS-LOPEZ, | No. 14-17576 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00548-JAD-GWF |
| v. | |
| BRIAN WILLIAMS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Elder Zacarias-Lopez, a Nevada state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging a due

process claim arising from disciplinary proceedings in which Zacarias-Lopez was

found guilty of possessing contraband. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).

We affirm.

The district court properly granted summary judgment because Zacarias-Lopez failed to raise a genuine dispute of material fact as to whether the hearing officer's denial of additional witnesses violated his due process rights.  *See Bostic v. Carlson*, 884 F.2d 1267, 1274 (9th Cir. 1989) (holding that a prison disciplinary board may deny redundant witnesses and rejecting a due process challenge where an inmate failed to inform the board of the nature of each witness's testimony).  Moreover, sufficient evidence supported the hearing officer's finding of guilt.  *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) ("[T]he relevant question [under the due process clause's 'some evidence' standard] is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

We do not address Zacharias-Lopez's argument, raised for the first time on appeal, that the charging officer should have been called to testify before the disciplinary board.  *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010) (arguments raised for the first time on appeal are waived).

**AFFIRMED.**