**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

TERRIE L. SENA,

        Plaintiff-Appellant,

v.

NICOLE COLEMAN, Corrections
Officer; ZIPPORA CLINKSCALES,
Corrections Officer,

        Defendants-Appellees.

No.   18-15236

D.C. No.
2:15-cv-02066-JCM-CWH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 14, 2019[**]
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and PEARSON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

Terrie Sena appeals the district court's summary judgment in favor of corrections officers Nicole Coleman and Zippora Clinkscales (collectively, "defendants") on Sena's claims brought under 42 U.S.C. § 1983.  We have jurisdiction under 28 U.S.C. § 1291.

Taking the evidence in the light most favorable to Sena, a reasonable officer in Coleman and Clinkscale's position could conclude that Sena's complaints that her roommate (Allen) had verbally harassed her and hit things in the cell, Allen's shouting that her attorney was "going to fix" Sena, and reports from other inmates that Allen was a problem, did not give rise to "a *substantial* risk of *serious* harm" requiring immediate re-celling of Sena.  *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1051 (9th Cir. 2002) (emphasis added).  Because existing precedent has not placed beyond debate the question whether, given the information available to Coleman and Clinkscale, double celling a person like Sena with a person like Allen would violate Sena's constitutional rights under the Fourteenth Amendment, the officers are entitled to qualified immunity.  *See id.* at 1050–51; *see also Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 599–600 (9th Cir. 2019).[1]

---

[1] Because Sena did not argue to the district court that it erred in construing her First Amendment claim as a claim arising under the Eighth or Fourteenth Amendment, any such argument is waived on appeal.  *See Hills v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

**AFFIRMED**.