

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAIG R. JALBERT, a Massachusetts citizen, as Trustee of the Vernon Tort Claims Trust,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>XL INSURANCE AMERICA, INC., a Delaware corporation; ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants-Appellees. | No. 19-55188<br><br>D.C. No.<br>2:17-cv-07167-GW-KS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 2, 2020[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LIPEZ,*** RAWLINSON, and N.R. SMITH, Circuit Judges.

Craig R. Jalbert, Trustee of the Vernon Tort Trust, appeals the district court's decision to grant summary judgment in favor of XL Insurance America, Inc. ("XL") and Zurich American Insurance Company ("Zurich"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because this is a diversity action without any federal questions, California law governs our decision. *See Hydro Sys., Inc. v. Cont'l Ins. Co.*, 929 F.2d 472, 474 (9th Cir. 1991). Under California law, "[i]nterpretation of an insurance policy is a question of law and follows the general rules of contract interpretation," which requires giving effect to the "mutual intention" of the parties. *TRB Invs., Inc. v. Fireman's Fund Ins. Co.*, 145 P.3d 472, 476 (Cal. 2006). The "mutual intention" of the parties is to be inferred from the written provisions of the contract based on their clear and explicit meaning. *Id.* at 477.

1. Jalbert argues that the lead-particulate and arsenic emissions were Exide Technologies, Inc.'s ("Exide") "product," which brought the underlying claims within coverage. The Ninth Circuit has interpreted the term "product," when used in an identical products-completed operations hazard ("PCOH") exception to a

_____

*** The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

2

pollution exclusion, to unambiguously mean "goods or services which the insured deals in as his stock or trade." *Hydro Sys., Inc.*, 929 F.2d at 475 (citation omitted). Exide's "stock or trade" were the lead ingots it marketed and sold to third parties, not the lead-particulate and arsenic emissions, thus the PCOH exception does not apply.

2. Because Jalbert failed to address the district court's reasoning for finding that the "your work" provision only applies to offsite contractor work, he waived the issue of whether the district court erred by not making XL and Zurich meet their burden on summary judgment to show when Exide's work was completed. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 n.1 (9th Cir. 2010) (holding that, where the plaintiff did not address the court's alternative ground on appeal, the plaintiff waived the issue). Even if not waived, these provisions do not apply because "PCOH exclusions generally refer to 'accidents caused by defective workmanship which arise after completion of work by the insured on construction or service contracts,'" and not damage occurring from pollution. *Hydro Sys., Inc.,* 929 F.2d at 477 (citation omitted).

3. Jalbert argues that XL's pollution exclusion is unenforceable, because XL did not obtain prior approval from the California Department of Insurance as required by Proposition 103. However, the plain language of Proposition 103's

3

implementing statute and its stated purpose only require the approval of "insurance rates," not policy terms.  *See* Cal. Ins. Code § 1861.01(c).  Therefore, Proposition 103 does not make XL's policies unenforceable.[1]

**AFFIRMED.**[2]

---

[1] Because the district court did not rely on the lead exclusion to find that the policies did not provide coverage for the underlying claims and because we affirm the district court's ruling, we need not address Jalbert's lead exclusion argument.

[2] The motion to file an amicus brief is granted.