IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KK REAL ESTATE INVESTMENT FUND, LLC, Appellant, vs. CAPITAL ONE, N.A., SUCCESSOR BY MERGER TO ING BANK, FSB, Respondent. | No. 81532 |

FILED

MAY 1 4 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a real property action. Eighth Judicial District Court, Clark County; David M. Jones, Judge.[1]

In *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev. 76, 78-79, 459 P.3d 227, 230 (2020), this court held that payments made by a homeowner could cure the default on the superpriority portion of a homeowners association (HOA) lien such that the HOA's foreclosure sale would not extinguish the first deed of trust (DoT) on the subject property. Whether a homeowner's payments actually cure a superpriority default, however, depends upon the actions and intent of the homeowner and the HOA and, if those cannot be determined, upon the district court's assessment of justice and equity. *See id.* at 80, 459 P.3d at 231 (explaining that "[i]f neither the debtor nor the creditor makes a specific application of the payment, then it falls to the [district] court to determine how to apply the payment").

------

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-13976

In its summary judgment briefing, the first DoT holder (respondent), argued that neither the homeowners nor the HOA made any specific application of the homeowners' payments in this case. Based on that circumstance, DoT language requiring the homeowners to pay any fees that could result in a lien on the subject property with a higher lien priority than the DoT, and the Restatement (Second) of Contracts § 260 (Oct. 2020) (requiring the court to give, when applying a payment in the absence of the debtor's or creditor's application, "just regard to the interests of third persons, the debtor and the creditor," and stating that "preference is given . . . to a debt that the debtor is under a duty to a third person to pay immediately"), respondent asserted the district court should apply the payments to the superpriority portion of the HOA's lien in order to preserve the DoT.

In its summary judgment motion and opposition to respondent's motion, the purchaser at the HOA foreclosure sale (appellant) agreed that the homeowners and the HOA did not make specific application of the homeowners' payments. Appellant also asserted that only the HOA could make specific application of the payments to the superpriority default. And, because the HOA did not do so in this case, appellant claimed the superpriority lien remained on the property at the time of the foreclosure sale. Appellant disputed that the district court could make specific application of the payments, and therefore did not present any arguments on how the district court should apply the payments.

Between the hearing on the summary judgment and the filing of the district court's order, this court decided *Cranesbill*, which the district court acknowledged in its order. Relying on *Cranesbill* and adopting respondent's arguments regarding application of the payments, the district

court applied the payments to the superpriority lien. Because the payments exceeded the amount of the superpriority lien, the district court entered summary judgment in respondent's favor. It later denied appellant's motions to alter or amend under NRCP 59(e) and to supplement the record on the motion to alter or amend.[2] Appellant challenges all of these decisions on appeal.

Many of appellant's arguments are based on its assertion that the district court abused its discretion in denying the motion to supplement the record for appellant's NRCP 59(e) motion. Appellant sought to add three payment plan agreements, purportedly entered into by the homeowners although none bore their signatures, which stated that the payments would be allocated to current assessments and fees before being allocated to past due assessments. We conclude that the district court did not abuse its discretion in denying the request. *See Abid v. Abid*, 133 Nev. 770, 772, 406 P.3d 476, 479 (2017) (providing that this court "review[s] a district court's evidentiary decision for an abuse of discretion"). This evidence was available during the course of litigation and therefore was not the type of evidence upon which the court could alter its previous decision. *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 582, 245 P.3d 1190, 1193 (2010) (providing that a district court can grant an NRCP 59(e) motion in light of evidence a party newly discovered and that was previously unavailable); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (addressing NRCP 59(e)'s federal counterpart and

---

[2]The HOA, a party below but not on appeal, moved to supplement the record on the motion to alter or amend. Appellant joined that motion as well as filed a supplement to its reply in support of the motion to alter or amend that included the same documents as the HOA's motion.

holding that a motion under that rule "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). We also conclude that the district court properly rejected the request as untimely, as appellant does not challenge that conclusion on appeal. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 n.1 (9th Cir. 2010) (affirming a district court decision on alternative grounds when the appellants did not challenge those alternative grounds on appeal); *Gilbert v. Utah State Bar*, 379 P.3d 1247, 1254-55 (Utah 2016) ("[W]e will not reverse a ruling of the district court that rests on independent alternative grounds where the appellant challenges only one of those grounds.").

Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm. While not framing its decision in terms of "justice and equity," *Cranesbill*, 136 Nev. at 80, 459 P.3d at 231, the district court explicitly stated that it considered the interests of the homeowners, the HOA, appellant, and respondent, as well as relevant contractual interests. These are all relevant considerations under *Cranesbill*. *See id.* at 80-81 & n.4, 459 P.3d at 231-32 & n.4. We also see no error in the district court's reliance on the Restatement, as we approvingly cited the relevant section in *Cranesbill* when discussing considerations affecting a district court's application of a homeowner's unallocated payment. *See id.* at 81 n.4, 459 P.3d at 231 n.4. And we disagree with appellant's assertion that the Restatement warrants a different outcome.

We also agree with the district court's denial of appellant's NRCP 59(e) motion. Therein appellant argued, for the first time, that the HOA made specific application of the payments and, alternatively, how the

district court should allocate those payments in the absence of the homeowners' and HOA's allocation.[3] Because an NRCP 59(e) motion is not a vehicle to raise new arguments, *see Kona Enters.*, 229 F.3d at 890, the district court did not abuse its discretion in denying the motion, *see AA Primo Builders*, 126 Nev. at 589, 245 P.3d at 1197 (reviewing an order denying an NRCP 59(e) motion for an abuse of discretion).

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. David M. Jones, District Judge
  Janet Trost, Settlement Judge
  The Wright Law Group
  Ballard Spahr LLP/Las Vegas
  Ballard Spahr LLP/Washington DC
  Eighth District Court Clerk

---

[3]We do not address the other arguments raised in that motion that appellant does not address on appeal.