# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALI Z. RIZVI; AND SCHEREZADE RIZVI,
Appellants,
vs.
U.S. BANK NATIONAL ASSOCIATION,
NOT INDIVIDUALLY BUT SOLEY AS
TRUSTEE FOR BLUEWATER
INVESTMENT TRUST 2018-A,
Respondent.

No. 82010

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court granted summary judgment for respondent, determining that NRS 106.240's 10-year time frame had not elapsed and that respondent's deed of trust remained as an encumbrance on appellants' property. The district court provided four discrete reasons for its determination: (1) NRS 106.240 does not contemplate *acceleration* of the date when a secured debt becomes "wholly due"; (2) the Notice of Default was the document that purportedly accelerated the loan, and NRS 106.240 refers only to the Deed of Trust; (3) NRS 106.240 was tolled during the pendency of appellants' bankruptcy; and (4) appellants' court-approved bankruptcy plan, which included a loan modification, "effectively reinstated the loan under Section 19 of the deed of trust," which "effectively

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

 

21-32323

reinstate[ed] their loan and ma[de] any pre-bankruptcy acceleration irrelevant."

Appellants contend that the district court's first three reasons were erroneous. They do not, however, address the district court's fourth reason. We therefore affirm the district court's judgment. *E.g.*, *Hillis v. Heineman*, 626 F.3d 1014, 1019 n.1 (9th Cir. 2010) (affirming where appellants did not challenge alternative ground on which the district court dismissed the action); *AED, Inc. v. KDC Inv., LLC*, 307 P.3d 176, 181 (Idaho 2013) ("[I]f an appellant fails to contest all of the grounds upon which a district court based its grant of summary judgment, the judgment must be affirmed."); *Gilbert v. Utah State Bar*, 379 P.3d 1247, 1254-55 (Utah 2016) ("[W]e will not reverse a ruling of the district court that rests on independent alternative grounds where the appellant challenges only one of those grounds.").

It is so ORDERED.[2]

_____ C.J.
Hardesty

_____ , J.
Cadish

_____ Sr.J.
Gibbons

cc:  Hon. Erika R. Ballou, District Judge
     Jay Young, Settlement Judge
     The Law Office of Mike Beede, PLLC
     Akerman LLP/Las Vegas
     Fennemore Craig P.C./Reno
     Eighth District Court Clerk

_____

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.