**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MERCOLA.COM, LLC; Dr. JOSEPH
MERCOLA,

              Plaintiffs - Appellants,

  v.

GOOGLE LLC; YOUTUBE,
LLC; ALPHABET INC.,

              Defendants - Appellees.

No.   23-2608

D.C. No.
3:22-cv-05567-LB

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Laurel Beeler, Magistrate Judge, Presiding

Argued and Submitted May 14, 2024
San Francisco, California

Before: CALLAHAN, and SANCHEZ, Circuit Judges., and KRONSTADT**

Dr. Joseph Mercola and his corporation Mercola.com, LLC (collectively,

"Mercola") brought this action alleging that YouTube had violated their contract

(the "Agreement") by terminating Mercola's account without prior notice and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* Honorable John A. Kronstadt, Senior District Judge for the Central
District of California, sitting by designation.

refusing to allow Mercola access to its videos. The district court granted YouTube's Rule 12(b)(6) motion to dismiss. We affirm.

A complaint must contain factual allegations, which if accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim is a "context-specific task," *id.* at 679, and the court is not "bound to accept as true a legal conclusion couched as a factual allegation," *id.* at 678 (citation omitted). A dismissal for failure to state a claim is reviewed de novo. *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1096 (9th Cir. 2023).

Mercola alleges that the Agreement's Modification Clause required that YouTube provide it "reasonable advance notice" before YouTube terminated its account for allegedly violating YouTube's Community Guidelines. The district court held that the Modification Clause did not override other provisions in the Agreement that allow YouTube to immediately take down content considered harmful to its users and that the Agreement did not give Mercola any right of access to the contents of a terminated account. It also found that the Agreement's Limitations on Liability provision foreclosed relief.

Mercola's interpretation of the Modification Clause is not plausible because it (1) is not necessary for the clause to be meaningful, (2) eviscerates other provisions of the Agreement that specifically give YouTube the discretion to

2

immediately terminate an account that in YouTube's opinion violates its Community Guidelines, and (3) is inconsistent with the public policy of allowing the immediate removal of content that poses serious harm.

The Modification Clause states that YouTube "may modify this Agreement, for example, to reflect changes to our Service or for legal, regulatory or security reasons," and that:

> YouTube will provide reasonable advance notice of any material modifications to this Agreement and the opportunity to review them, except that modifications addressing newly available features of the Service or modifications made for legal reasons may be effective immediately without notice.

However, the Agreement's "Removal of Content" section states that if YouTube "reasonably believe[s]" that any content "may cause harm to YouTube, our users, or third parties," it "may remove or take down that Content in our discretion," and "will notify you with the reason for our action" unless doing so would breach the law, compromise an investigation, or cause harm. Also, the Agreement's "Termination and Suspensions by YouTube for Cause" section states that YouTube may "suspend or terminate" an account if "you materially or repeatedly breach this Agreement" or if "we believe there has been conduct that creates (or could create) liability or harm to any user, other third party, YouTube or our Affiliates." The Agreement further states that YouTube then "will notify you with the reason for termination or suspension" unless doing so would violate the

3

law, compromise an investigation, or cause harm.

There is no conflict if the Modification Clause is read to apply to changes in services provided by YouTube and the other sections are read to apply to suspending or terminating an account because YouTube has determined that its content could create a liability or harm others. However, Mercola's reading of the Modification Clause is not reasonable as it would eviscerate the provisions of the "Removal of Content" and "Termination and Suspensions by YouTube for Cause" sections of the Agreement.

Moreover, to construe the Modification Clause to prohibit the immediate termination of an account that causes harm to others would be contrary to protecting the public. In September 2021, when YouTube terminated Mercola's account, it was reasonable (even if incorrect) to consider "anti-vaccine" postings to be harmful to the public.

On appeal, Mercola limits its request to recovering its video content. While the Agreement states that YouTube has no obligation to host or maintain Mercola's account, or to return any data, Mercola asserts that it is entitled to a return of its video content as a remedy for YouTube's failure to provide it with advance notice. But as there was no breach of the contract, Mercola is not entitled to any remedy.

At oral argument Mercola's counsel conceded, consistent with our reading of Mercola's filings, that all of Mercola's claims are dependent on Mercola's

4

interpretation of the Modification Clause.  Accordingly, as we reject that interpretation, we affirm the district court's dismissal of Mercola's claims (a) for breach of the implied covenant of good faith and fair dealing, (b) specific performance, (c) unjust enrichment, and (d) conversion.

Finally, Mercola has not shown that it is entitled to an opportunity to amend to allege unconscionability.  It appears that Mercola never asserted unconscionability in the district court and thus may have waived the argument. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).  Moreover, on this record the assertion lacks merit.  Mercola, an incorporated entity, contracted with YouTube for a non-essential service, the language in the contract is not overly technical, and it appears that for the most part Mercola received the benefit of its bargain.

The district court's dismissal of Mercola's First Amended Complaint is **AFFIRMED.**