NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QUIAD AKEEM CORNELL,

        Petitioner - Appellant,

    v.

WARREN L. MONTGOMERY,

        Respondent - Appellee.

No. 24-1304

D.C. No.
5:22-cv-02261-CAS-KS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 5, 2025
Pasadena, California

Before: TALLMAN, CLIFTON, and CHRISTEN, Circuit Judges.

    Quaid Akeem Cornell appeals the district court's denial of his 28 U.S.C.

§ 2254 petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C.

§§ 1291 and 2253. We affirm.

    We review de novo the district court's denial of a petition for habeas corpus.

*Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). The Antiterrorism and

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Effective Death Penalty Act (AEDPA) applies to this petition. Because Cornell seeks relief based on claims already adjudicated on the merits in state court, we cannot grant relief unless the last reasoned decision of the state courts "was contrary to, or involved an unreasonable application of" federal law then clearly established by the Supreme Court, or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

Cornell bases his habeas petition on a claim of ineffective assistance of counsel (IAC). An IAC claim must show (1) that trial counsel's performance was deficient as measured against an objective standard of reasonableness, and (2) that the allegedly deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Trial counsel's "failure to take a futile action can never be deficient performance." *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). An IAC claim evaluated under § 2254(d) is subject to a "doubly deferential judicial review." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Cornell first contends that his trial counsel was prejudicially ineffective for failing to challenge the police officer's initial detention of him. We reject this contention because the California Court of Appeal properly identified and reasonably applied the law governing police investigative stops. Detective Olvera's

decision to detain Cornell was based on several factors, such as the report of multiple individuals possibly armed, the presence of what appeared to be a lookout, and one group member's attempt to hide behind a vehicle while dropping an object to the ground. *See Navarette v. California*, 572 U.S. 393, 396–97 (2014) (explaining that a law enforcement officer can make a brief investigative stop based on a reasonable suspicion taking into account the totality of circumstances). Because any challenge to the initial detention was unlikely to be meritorious, trial counsel's performance could not have been deficient or prejudicial.

Second, Cornell contends that his trial counsel was ineffective for conceding that the plain view doctrine applied to the seizure of the high-capacity magazine even when, at the time, possession of the magazine was legal in California. We disagree. The legality of a weapon does not by itself defeat a police search and seizure. *See Michigan v. Long*, 463 U.S. 1032, 1052 n.16 (1983). The totality of circumstances known to the police officer(s) at the time supported an inference that the incriminating nature of the magazine was "immediately apparent." *Horton v. California*, 496 U.S. 128, 136–37 (1990) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 466 (1971)). The California courts reasonably observed that on this record officers' safety was paramount given the events as they unfolded. Because a competent attorney could have conceivably decided that an attempt to suppress the

magazine would fail, Cornell's trial counsel's performance was not deficient.[1]

Third, Cornell contends that trial counsel erred by failing to adequately challenge the search of the red Nissan that led to the discovery of the handgun. Although trial counsel did not make the precise argument that Cornell believes should have been made, trial counsel did move to suppress the handgun on grounds that the police lacked a warrant or consent to search the vehicle. Such performance satisfies our highly deferential review pursuant to *Strickland*.

Cornell finally argues that his trial counsel was ineffective for failing to move to exclude various evidence as the product of an illegal detention, search, and seizure. Because the trial court had ruled that the antecedent police conduct was lawful, however, any attempt to exclude subsequently discovered evidence as "tainted" would have most likely failed.

For the foregoing reasons, the district court properly denied Cornell's habeas petition.

**AFFIRMED.**

---

[1] Cornell also argues for the first time on appeal that the plain view doctrine could not have applied because Detective Olvera viewed the magazine only after unlawfully ordering Joanna Kirk out of the Nissan. We deem this argument forfeited. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010). In any case, the record indicates that the magazine might have been plainly viewable through the car window regardless of whether Kirk was ordered to exit, and Cornell fails to account for this possibility.

24-1304