**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

INFOSPAN, INC.; INFOSPAN (GULF) INC.,
    *Plaintiffs-Appellees*,

v.

EMIRATES NBD BANK PJSC,
    *Defendant-Appellant.*

</td>
<td>

No. 16-55090

D.C. No.
8:14-cv-01679-JVS-AN

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted July 11, 2018
Pasadena, California

Filed September 7, 2018

Before: Marsha S. Berzon and N. Randy Smith, Circuit
Judges, and P. Kevin Castel,[*] District Judge.

Opinion by Judge N.R. Smith

---

[*] The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Personal Jurisdiction

The panel reversed the district court's judgment compelling arbitration of claims concerning a contract and remanded for dismissal on the ground that the district court lacked personal jurisdiction over the defendant.

The panel reversed the district court's determination that the defendant waived its personal jurisdiction defense through its litigation conduct. The panel concluded that the defendant preserved the defense by timely asserting it and litigating it to an adverse ruling, and did not waive the defense by litigating other defenses and counterclaims in a related matter between similar parties.

The panel held that the district court lacked personal jurisdiction over plaintiffs' claims for declaratory and injunctive relief because the defendant, a United Arab Emirates bank, lacked sufficient contacts with the United States.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Daniel Scott Schecter (argued) and Nima H. Mohebii, Latham & Watkins LLP, Los Angeles, California; Stephanie N. Grace, Latham & Watkins LLP, San Diego, California; Kathryn H. Ruemmler and J. Scott Ballenger, Latham & Watkins LLP, Washington, D.C.; for Defendant-Appellant.

William A. Isaacson (argued), Sandra M. Calhoun, Jonathan Shaw, and David Boyd, Boies Schiller Flexner LLP, Washington, D.C.; David L. Zifkin, Boies Schiller Flexner LLP, Santa Monica, California; Terry Bird, Bird Marella Boxer Wolpert Nessim Drooks Licenberg & Rhow, Los Angeles, California; for Plaintiffs-Appellees.

**OPINION**

N.R. SMITH, Circuit Judge:

A defendant that timely asserts that the district court lacks personal jurisdiction and litigates the issue to an adverse decision from the district court does not waive the personal jurisdiction defense by vigorously litigating defenses to the merits, including by asserting counterclaims against other parties. Emirates NBD Bank PJSC (the "Bank") was entitled to litigate its defenses and counterclaims in a related matter between similar parties without waiving the issue of personal jurisdiction, because the Bank had timely asserted the personal jurisdiction defense and received an adverse ruling (that jurisdiction was proper) from the district court. Accordingly, we reverse the district court's waiver determination, and remand for dismissal because the district court lacked personal jurisdiction over the Bank.

I.

The underlying dispute in this matter concerns a contract between InfoSpan (Gulf), Inc. ("InfoSpan Gulf"), a Cayman Islands corporation, and the UAE Bank. Early in 2007, InfoSpan Gulf approached Emirates Bank International (which later merged with the National Bank of Dubai to become the Bank) in Dubai with a proposal to provide stored value cards to customers in the United Arab Emirates ("UAE"). In May 2007, the parties reached an agreement and entered a contract (the "SVC Agreement"). All negotiations took place in Dubai. Under the SVC Agreement, InfoSpan Gulf would provide the Bank with innovative prepaid stored value cards . The cards would help the Bank provide a better banking solution for migrant workers by allowing the workers to transmit money internationally via short message service ("SMS") text messages, receive direct deposits, and make purchases. InfoSpan Gulf and the Bank would each share in the fees associated with the cards. The cards would be processed by InfoSpan Gulf and issued by Emirates Bank International in the UAE. The parties entered the SVC Agreement in Dubai, and the SVC Agreement stated that it was governed by UAE law and subject to jurisdiction in the UAE courts.

Over the ensuing two years, the relationship between the Bank and InfoSpan Gulf broke down, culminating in the Bank's termination of the SVC Agreement on May 4, 2009. In 2011, InfoSpan Gulf and its affiliate InfoSpan, Inc. ("InfoSpan") sued the Bank in federal district court in California alleging tort and contract claims ("*InfoSpan I*"). The Bank moved to dismiss the complaint on personal jurisdiction grounds, and the district court initially granted the Bank's motion on July 27, 2012. However, after InfoSpan

moved for reconsideration, the district court partially reversed course, finding personal jurisdiction for InfoSpan to assert its tort claims against the Bank. In reversing its ruling on InfoSpan's claims, the district court did not disturb its ruling that there was no personal jurisdiction over InfoSpan Gulf's contract claims.

The parties next litigated whether InfoSpan Gulf was an indispensable party. The Bank also sought to have InfoSpan's tort claims sent to arbitration, asserting that they arose out of the SVC Agreement between InfoSpan Gulf and the Bank. The court resolved the indispensable party and arbitration issues against the Bank, and InfoSpan Gulf was voluntarily dismissed to preserve diversity jurisdiction.

In 2014, the Bank requested leave to amend its answer to allege counterclaims against InfoSpan for the return of funds paid to InfoSpan Gulf under an alter ego theory. In its proposed amended pleading, the Bank again asserted and preserved its objection to personal jurisdiction. InfoSpan argued that the counterclaims were subject to a mandatory arbitration clause. The Bank did not oppose arbitration; instead it reasserted that all claims (including InfoSpan's tort claims) should be subject to arbitration. The district court denied the amendment on timeliness grounds without reaching the arbitration issue.

After the district court denied the amendment, InfoSpan initiated a second federal lawsuit ("*InfoSpan II*") against the Bank in California on October 17, 2014. This second suit is the subject of the present appeal. In the second lawsuit, InfoSpan sought to compel arbitration under the SVC Agreement of its declaratory judgment claim, asserting that the Bank's breach of contract and related claims lacked merit.

InfoSpan claimed that, although no such claims were pending, there remained an imminent threat that they would be asserted.

As it turned out, after InfoSpan voluntarily amended its complaint in *InfoSpan I* in November 2014, the Bank reasserted its counterclaims in its answer to the amended complaint (the Bank again reasserted its objection to personal jurisdiction in its amended answer). However, the Bank later voluntarily dismissed its counterclaims without prejudice in *InfoSpan I*.

Meanwhile, in *InfoSpan II*, the Bank moved to dismiss the suit on personal and subject matter jurisdiction grounds. The district court issued a tentative ruling denying the motion to dismiss. InfoSpan then sought to amend its complaint to add InfoSpan Gulf as a party and seek arbitration of InfoSpan Gulf's contract claims (previously dismissed in *InfoSpan I* for lack of personal jurisdiction) in the United States. The Bank did not oppose the amendment, but it once again expressly reserved its objections to jurisdiction. After InfoSpan Gulf was added, the Bank renewed its motion to dismiss—pointing to the district court's earlier ruling that personal jurisdiction was lacking as to the contract claims.

In its ruling on the motion to dismiss, the district court held that the Bank had waived its personal jurisdiction defense and submitted to jurisdiction by litigating *InfoSpan I*. The district court specifically identified the Bank's decision to litigate its counterclaims in *InfoSpan I* proceedings as a component of the waiver. With respect to subject matter jurisdiction, the district court held that there was a cognizable case-or-controversy over arbitration arising from the Bank's refusal to arbitrate the claims in California.

After the district court entered final judgment, compelling arbitration in *InfoSpan II*, the Bank timely appealed. Meanwhile, *InfoSpan I* went to trial on the tort claims, resulting in a defense verdict on all claims. InfoSpan timely appealed the adverse judgment, which we affirmed in *InfoSpan I*, No. 17-55000.

## II.

We review the "district court's determination that [the Bank] waived" the defense of personal jurisdiction "for an abuse of discretion." *CFPB v. Gordon*, 819 F.3d 1179, 1187 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2291 (2017). "[T]he first step of [the] abuse of discretion test is to determine de novo whether the [district] court identified the correct legal rule to apply to the relief requested." *Enyart v. Nat'l Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1159 (9th Cir. 2011) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc)). If not waived, we review the merits of the personal jurisdiction issue de novo. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

## III.

The district court suggested that, although the Bank fully litigated the merits of its personal jurisdiction defense in *InfoSpan I*, it nonetheless waived the issue by vigorously defending the case after the personal jurisdiction issue was decided against it. Specifically, the district court faulted the Bank for its assertion of counterclaims against InfoSpan in *InfoSpan I* and its other strategic efforts to get the case sent to arbitration in the UAE.

Our cases are clear that once the issue of personal jurisdiction has been adjudicated on the merits against a party, that party may fully participate and defend the litigation up to and including filing its own counterclaims. *See Hillis v. Heineman*, 626 F.3d 1014, 1018 (9th Cir. 2010) (acknowledging the Ninth Circuit rule that "the filing of a permissive counterclaim does not constitute a waiver of a personal jurisdiction defense asserted in the same pleading" (internal quotation marks and citations omitted)); *SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) (identifying Ninth Circuit precedent that filing a "compulsory counterclaim . . . does not thereby waive any jurisdictional defenses [the party] has previously or concurrently asserted" and filing a "permissive counterclaim" likewise does not waive jurisdictional defenses "asserted in the same pleading" (internal quotation marks and citations omitted)); *Stewart v. Ragland*, 934 F.2d 1033, 1036 n.5 (9th Cir. 1991) (noting that where a party timely asserts a personal jurisdiction defense and the court "denies the motion . . . the party may proceed to trial on the merits without waiving the jurisdictional challenge"); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 n.1 (9th Cir. 1984) ("[W]e hold that the filing of a permissive counterclaim does not constitute a waiver of a personal jurisdiction defense asserted in the same pleading.").

In concluding that the Bank's litigation conduct amounted to waiver of the issue of personal jurisdiction, the district court relied on our decision in *Peterson v. Highland Music, Inc.*, 140 F.3d 1313 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998). The district court's reliance on *Peterson* was misplaced. *Peterson*'s waiver holding is limited to improper "deliberate, strategic" conduct with respect to how the issue of personal jurisdiction itself is asserted, such as by "sandbagging" opposing counsel. *See id.*

at 1318–19. *Peterson* did not find fault with a party's vigorous litigation of its other claims or defenses in conjunction with or after litigating a timely asserted personal jurisdiction defense to an adverse decision by the district court. *See id.*

The cases cited in *Peterson*, suggesting waiver of an asserted personal jurisdiction defense, involved circumstances (1) where the defense was listed in the answer but never affirmatively litigated, *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296–97 (7th Cir. 1993); *Yeldell v. Tutt*, 913 F.2d 533, 538–39 (8th Cir. 1990); and (2) where the district court invited discovery on the jurisdictional issue and a renewed motion to dismiss if evidence supported a lack of personal jurisdiction, but the defendant did not avail himself of the opportunity, *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 915 (7th Cir. 1994). *See Peterson*, 140 F.3d at 1318–19 (citing the foregoing cases). In each case, waiver arose from the defendant's conduct in failing to properly request a ruling on the issue of personal jurisdiction—not from vigorous litigation of remaining claims or defenses following an adverse ruling on personal jurisdiction.

In both *InfoSpan I* and *II*, the Bank timely asserted personal jurisdiction as a defense and litigated the issue to a decision from the district court. Nothing more was required to preserve the issue,[1] and subsequent litigation of defenses

---

[1] Here, the Bank reasserted its personal jurisdiction defense at every turn after receiving an adverse ruling on the issue. A party need not continuously seek re-consideration of the issue to preserve it for appeal. Absent an invitation from the district court to re-litigate the issue in light of a material change in the facts or the pleadings, a defense of personal jurisdiction that has been timely asserted and litigated to an adverse decision from the district court will remain preserved for appeal.

and counterclaims did not waive the Bank's properly preserved defense of personal jurisdiction. Because the district court reached its waiver determination on the basis of an erroneous interpretation of our decision in *Peterson*, we conclude that it abused its discretion. *See Enyart*, 630 F.3d at 1159 ("If the [district] court failed to [identify the correct legal rule], [the panel] must conclude it abused its discretion." (quoting *Hinkson*, 585 F.3d at 1262)).

IV.

On the merits, InfoSpan and InfoSpan Gulf have not met their burden to identify sufficient facts to establish specific personal jurisdiction over the Bank in California.[2] The district court did not address the merits of the personal jurisdiction issue in its order denying the defense on waiver grounds. But the court did address the merits of the personal jurisdiction issue at the outset of *InfoSpan I.* That ruling, although not law of the case in *InfoSpan II*, correctly determined that InfoSpan Gulf had not alleged that the Bank had sufficient contacts with the United States to establish personal jurisdiction over the contract claims asserted.

---

[2] InfoSpan and InfoSpan Gulf agree that California courts do not have general personal jurisdiction over the Bank. They do cite Federal Rule of Civil Procedure 4(k)(2) as an alternative basis for jurisdiction, but exercising jurisdiction under this standard must be "consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). Given the dearth of evidence with respect to the Bank's contacts with the United States, this standard likewise cannot be met. *See Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) (concluding that "scant, fleeting, and attenuated" contacts with the United States were insufficient for jurisdiction under Rule 4(k)(2)).

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) (quoting *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017)). "California authorizes its courts to exercise jurisdiction 'to the full extent that such exercise comports with due process.'" *Id.* (quoting *Williams*, 851 F.3d at 1020); see Cal. Code Civ. Proc. § 410.10.

"Due process 'constrains a State's authority to bind a nonresident defendant to a judgment of its courts.'" *Id.* at 1068 (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). "A nonresident defendant must have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (alteration in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Id.* (quoting *Walden*, 571 U.S. at 284).

> Two principles animate the "defendant-focused" inquiry. *Walden*, [571 U.S. at 284]. First, the relationship between the nonresident defendant, the forum, and the litigation "must arise out of contacts that the 'defendant himself' creates with the forum State." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Second, the minimum contacts analysis examines "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* [at 285]. It follows that "a

> defendant's relationship with a plaintiff or
> third party, standing alone, is an insufficient
> basis for jurisdiction." *Id.* at [286].

*Id.* (emphasis omitted). With these principles in mind, there are three requirements for personal jurisdiction in contract cases: "(1) the defendant must . . . purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.* (internal quotation marks and original alterations omitted) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). The plaintiff bears the burden of establishing the first two prongs; if this threshold burden is met, the defendant must establish that the third prong is not met—i.e. that exercise of jurisdiction is not fair—to avoid jurisdiction. *Id.* at 1068–69.

In this case, a UAE bank entered a contract with a Cayman Islands corporation to provide pre-paid cards in the UAE. There is no indication that the Bank conducted any unilateral activities in California (or elsewhere in the United States, with the exception of a single inspection of facilities in Miami). There is certainly no evidence that any minimal contacts with California, through email and phone calls to California or through an investigation conducted in California by one of the Bank's agents, form the basis for InfoSpan Gulf's contract-focused claims, which arise from the Bank's and InfoSpan Gulf's conduct in the UAE. Accordingly, there is no basis for personal jurisdiction over the Bank in this suit for declaratory judgment.

V.

We reverse the district court's decision that the Bank waived its personal jurisdiction defense, and we conclude (for the same reasons the district court identified in *InfoSpan I*) that there is no basis for personal jurisdiction over the Bank in this suit for declaratory and injunctive relief.

**REVERSED.**