**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FELICIA CIPOLLA; ALEXIS WOOD, Plaintiffs-Appellees, v. TEAM ENTERPRISES, LLC; NEW TEAM, LLC, DBA Team Enterprises, Defendants-Appellants. | No.   19-15964 D.C. No. 3:18-cv-06867-WHA MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted April 30, 2020
San Francisco, California

Before:  WALLACE, GRABER, and COLLINS, Circuit Judges.

Team Enterprises LLC and New Team LLC (collectively, Team Enterprises)

appeal from a district court order denying their motion to compel arbitration. We

have jurisdiction pursuant to 9 U.S.C. § 16(a)(1), and we vacate and remand.

Applying de novo review, *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 996 (9th

Cir. 2010), we conclude that the district court erred in denying Team Enterprises'

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

motion without addressing the effect of the delegation clause contained in the arbitration agreement. That clause reads: "Any questions regarding the validity or enforcement of these Dispute Policies shall be delegated and submitted to the arbitrator, including whether the scope of the claim or dispute is subject to arbitration, and whether these Dispute Policies are enforceable as a matter of law."

In contravention of this delegation clause, however, the district court itself considered the "validity" and enforceability of the arbitration agreement by analyzing the unconscionability of portions of the agreement other than the delegation clause. This was error. The Supreme Court has held that "parties can agree to arbitrate gateway questions of arbitrability" through a delegation clause. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) (internal quotation marks omitted). When such a clause exists, a court should not consider challenges to the agreement—including "substantive unconscionability challenges"—except for "arguments specific to the delegation provision." *Id.* at 73–74. As a result, "unless [the party opposing arbitration] challenged the delegation provision specifically, we must treat it as valid under § 2 [of the Federal Arbitration Act], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Id.* at 72.

Cipolla and Wood do not challenge the enforceability or validity of the delegation clause, except to argue that Team Enterprises has abandoned any

argument relying on the delegation clause because they did not adequately raise the issue before the district court. We disagree. In their moving brief in support of their motion to compel, Team Enterprises explicitly quoted the delegation clause and argued that, apart from issues pertaining to a class-action waiver in the agreement, "all other questions regarding the enforceability and scope of the Agreement must be decided by the arbitrator."

Cipolla and Wood fault Team Enterprises for failing to raise the issue in a more conspicuous manner and for failing to "re-raise or further develop the argument" in their reply brief or during oral argument, but have adduced no authority for the proposition that doing so was required. In any case, Team Enterprises' delegation clause argument was conspicuously set forth in their moving brief beneath a heading titled: "The Arbitrator Is Required To Determine The Validity Or Enforcement Of The Agreement Including Questions Of Scope And Enforceability."

Cipolla and Wood also argue that the district court made a finding of waiver, which we must review for abuse of discretion. We disagree. The district court addressed neither the delegation clause nor Team Enterprises' argument concerning the clause in its order denying their motion to compel. And when the district court's failure to address the argument was made apparent, it expressly indicated it was uncertain as to whether "abandonment or waiver" applied "because of the lack of precedent directly on point."

3

Because Cipolla and Wood "did not make any arguments specific to the delegation provision," *Rent-A-Ctr.*, 561 U.S. at 74, they failed to meet their burden of "proving any defense" to the enforceability of the delegation clause, *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012); *see also Greenawalt v. Ricketts*, 943 F.2d 1020, 1027 (9th Cir. 1991) (party conceded issue by failing to respond to it in the answering briefing on appeal).

However, because the district court did not address the argument raised, and "a full analysis by the district court may assist us in our review," *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 802 (9th Cir. 1987), we will "remand to the district court for consideration" of this argument "in the first instance," *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). *See Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez*, 561 U.S. 661, 698 n.28 (2010) ("When the lower courts have failed to address an argument that deserved their attention, our usual practice is to remand for further consideration, not to seize the opportunity to decide the question ourselves").

**VACATED AND REMANDED.**

*Cipolla v. Team Enterprises, LLC*, No. 19-15964

COLLINS, Circuit Judge, dissenting:

The majority concludes that Appellants Team Enterprises, LLC and New Team, LLC (collectively, "Team") properly raised and preserved their contention that so-called "gateway" issues concerning the enforceability of their arbitration agreement with Plaintiffs had to be submitted to an arbitrator, and that the district court erred in failing to address this threshold contention. While I agree that Team adequately raised this issue of who should decide enforceability by briefly mentioning it in Team's motion to compel arbitration, in my view Team subsequently abandoned the issue by never mentioning it again and instead affirmatively pressing for the district court to decide the matter of enforceability itself. I respectfully dissent.

The Supreme Court has held that a provision in an agreement delegating "'gateway' questions of 'arbitrability'" to an arbitrator is simply an "additional arbitration agreement," and the Federal Arbitration Act "operates on this additional arbitration agreement just as it does on any other." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010). Accordingly, unless the plaintiff "challenge[s] the delegation provision specifically," that provision will be treated as valid, thereby "leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Id*. at 72. In its memorandum of points and authorities in support of its motion to

5

compel arbitration, Team did assert that (with one exception not relevant here) "all other questions regarding the enforceability and scope of the Agreement must be decided by the arbitrator." I agree that this was sufficient to raise the "delegation" issue—*i.e.*, that the gateway questions of arbitrability had to be submitted to the arbitrator—but just barely so.

Team's notice of motion—which under the rules had to include a "concise statement of what relief or Court action the movant seeks," N.D. CAL. CIV. L. R. 7-2(b)(3)—did *not* specifically ask the district court to order the gateway issue of enforceability to be given to the arbitrator; it instead asked the *court* to enter an order compelling arbitration of the underlying claims. The proposed order accompanying the motion likewise made no mention whatsoever of submitting enforceability to the arbitrator but instead affirmatively asked the district court to hold that the arbitration agreement was "legally enforceable and binding." And even the mention of the delegation issue in Team's memorandum of points and authorities was oddly out of place: the three-sentence subsection addressing the delegation issue was confusingly buried as a final subsection in a larger section entitled "The Arbitration Agreement Is Valid and Enforceable." So while it is literally true that the delegation issue was "raised" by Team, it was raised in such a minimalist and peculiar way that it could easily be overlooked. And perhaps that was the point.

Plaintiffs' opposition did not address the delegation issue, and indeed, it was

6

never mentioned by anyone again—until Team lost on the merits of the enforceability of the arbitration agreement. At that point—having already participated in extensive briefing and oral argument in which it affirmatively urged the district court to rule on the merits of the enforceability arguments that were supposedly to be reserved for the arbitrator—Team suddenly rediscovered the delegation issue and insisted that the district court had erred by overlooking it. At oral argument on appeal, Team's counsel had the candor to admit to us that, had the district court *upheld* the arbitration agreement, Team would not have raised the delegation issue to overturn its win. The passing invocation of this delegation issue thus later became the ace in the hole for Team to play when the ruling on the merits of the enforceability issue did not go its way. Having thus been whipsawed, the district court understandably concluded that, by its course of conduct, Team had "abandoned" the delegation issue.

The majority nonetheless lets Team get away with resurrecting the delegation issue, because in the majority's view, there is no authority to support the proposition that Team had to do anything more than simply raise the issue once in its moving papers. *See* Mem. Dispo. at 3. I disagree. Under *Rent-A-Center*, the agreement delegating gateway issues of arbitrability to the arbitrator is to be treated as a *separate* arbitral agreement, and here Team acted in a manner that was flatly inconsistent with its professed desire to have the arbitrator decide those gateway

7

issues.  After making its perfunctory placeholder objection to having the district court decide the gateway issues, Team never mentioned the issue again and instead vigorously pursued a "'*judicial* judgment on the merits of [those] arbitrable claims.'" *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988) (emphasis added) (citation omitted).  Such conduct was "'inconsistent with the agreement to arbitrate those claims'" and operates to forfeit any right to arbitrate those issues.  *Id.*  Team essentially pursued a highly prejudicial heads-I-win-tails-you-lose strategy against the Plaintiffs: under Team's view of the matter, Team could pocket a *win* on the merits of the gateway issues, but Team would get an automatic do-over if the district court ruled *against* it on the merits.  Under these circumstances, all of the elements of a waiver of arbitration are satisfied, and Team cannot now insist that only an arbitrator may decide these gateway issues.  *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016).

In this regard, it is important to underscore that the judicial ruling that Team sought was not a tentative or preliminary one; it was the *complete* resolution of the merits of the gateway issues.  "Seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum," and such conduct is inconsistent with preservation of the right to have only an arbitrator decide those issues.  *Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir. 2019).  I am not aware of any context in which we

8

permit a party to litigate a matter on the merits to completion only then to allow the party—if it loses—to resurrect its threshold objection to the forum. Instead, the rule in the analogous context of personal jurisdiction is to the contrary. *See*, *e.g.*, *InfoSpan, Inc. v. Emirates NBD Bank PJSC*, 903 F.3d 896, 901 (9th Cir. 2018) (personal jurisdiction defense is waived if, after asserting the objection, the defendant "never affirmatively litigate[s]" it, does nothing "to properly request a ruling on the issue of personal jurisdiction," and instead litigates the merits); *see also* *SEC v. Ross*, 504 F.3d 1130, 1148 (9th Cir. 2007) ("a party cannot simultaneously seek affirmative relief from a court and object to that court's exercise of jurisdiction").

We should not countenance the sort of "manifestly unfair" sandbagging in which Team engaged here, which involves a significant "waste of resources for the parties and the courts." *Martin*, 829 F.3d at 1128. I respectfully dissent.[1]

---

[1] In view of its disposition of the case, the majority does not address the merits of the gateway issues. Although in my view this court *should* reach those issues, the majority has decided otherwise and, under the circumstances presented here, I likewise decline to express any view on those issues.