**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MELVIN KEAKAKU AMINA; DONNA
MAE AMINA,

               Plaintiffs-Appellants,

  v.

WMC FINANCE CO.; et al.,

               Defendants-Appellees.

No.   19-15165

D.C. No.
1:18-cv-00143-DKW-RT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 8, 2020 [**]

Before: TROTT, SILVERMAN, and NR SMITH, Circuit Judges

     Melvin Keakaku Amina and Donna Mae Amina appeal pro se the district

court's dismissal of their third action alleging federal and state claims related to

real property in Hawaii and their mortgage on that property.  We have jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291. We review the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal de novo and denial of leave to amend for an abuse of discretion. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011). We affirm.

The district court properly dismissed the Fair Debt Collection Practices Act claims asserted against Chase.[1] Even after the district court granted leave to amend and explained the deficiency, plaintiffs failed to allege any facts to establish that Chase was a debt collector as defined by the statute. *See* 15 U.S.C. § 1692a(6); *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1073 (9th Cir. 2011); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208-09 (9th Cir. 2013).

The district court properly dismissed the Truth in Lending Act claim as barred by the one-year statute of limitations because the alleged failure to provide notice occurred within 30 days of the assignment, which was recorded on April 4, 2012. *See* 15 U.S.C. § 1641(g)(1) (requiring notice of an assignment of a mortgage to a borrower within 30 days of the assignment);15 U.S.C. § 1640(e) (requiring that the claim be brought "within one year from the date of the

---

[1]"Chase" collectively refers to all of the Chase defendants sued in this action. Except for Nationwide Title Clearing, Inc. (NTC), the parties are the same or in privity with the previously sued financial institutions. WMC Finance Corporation, the initial mortgage company, was never served in this action.

occurrence of the violation").  Plaintiffs cannot allege any facts to establish equitable tolling in light of their challenge to the same assignment in their previous lawsuit.  *Cervantes*, 656 F.3d at 1045 (setting forth the elements of equitable tolling).

The district court properly dismissed the Real Estate Settlement Procedures Act claim because plaintiffs failed to allege plausible facts showing that they suffered actual damages from Chase's alleged failure to respond to their 2017 letter.  *See* 12 U.S.C. § 2605(f)(1) (allowing recovery of "actual damages to the borrower as a result of the failure").  Plaintiffs' allegation that Chase's failure to respond to their 2017 request for information prevented them from making payments, which resulted in foreclosure, is not plausible.  The two previous lawsuits filed by plaintiffs alleged that plaintiffs were in default and facing foreclosure as early as 2010, years before they sent the letter to Chase in 2017.

The district court did not abuse its discretion by dismissing the Hawaii Unfair and Deceptive Trade Practices Act (UDAP) claim abandoned by plaintiffs after the court granted leave to amend.  *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth the factors for granting leave to amend).  Nor did the district court err by dismissing the entirely new UDAP claim alleged against Chase or the new Truth in Lending Act claim alleged against a new, unserved defendant,

Larry Schneider. *Brass v. County of Los Angeles,* 328 F.3d 1192, 1197-98 (9th Cir. 2003) (holding that the district court did not abuse its discretion by denying leave to add claims against new parties); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (holding that plaintiffs are not entitled to amend to add claims that "advance different legal theories and require proof of different facts").

The district court properly dismissed the remaining claims as barred by claims preclusion. All of the claims in this case, including the quiet title claim, alleged that the defendants had no interest in the property and that the 2006 mortgage and its transfer and assignment were invalid. In the second lawsuit filed by plaintiffs, the district court rejected the same factual allegations, held that the same mortgage and assignment challenged in this case were valid, and granted summary judgment in favor of the defendants, including Chase defendants, on the quiet title claim. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987-88 (9th Cir. 2005) (setting forth the elements of res judicata and holding that a previous summary judgment dismissal is a decision on the merits for purposes of res judicata).

Plaintiffs waived any challenge to the dismissal of NTC. *Mendoza v. Block*, 27 F.3d 1357, 1363 (9th Cir. 1994). In any event, the quiet title claim asserted against NTC is barred by issue preclusion. The issues of fact and law alleged in

the quiet title claim are identical to those raised and necessarily rejected on the merits by the district court when it granted summary judgment in the previous lawsuit filed by plaintiffs. *Janjua v. Neufeld*, 933 F.3d 1061, 1065-66 (9th Cir. 2019) (setting forth the elements of issue preclusion).

Plaintiffs also waived their argument regarding Hawaii's statehood by raising it for the first time on appeal. *Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

**AFFIRMED.**