FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY, an Illinois Corporation, *Plaintiff-Appellant*, v. ST. FRANCIS MEDICAL CENTER, a non-profit Hawaii Corporation, *Defendant-Appellee*, and JOHN DOES, 1–10; JANE DOES, 1–10; DOE CORPORATIONS, 1–10; DOE ENTITIES, 1–20, *Defendants.* | No. 19-17314 D.C. No. 1:18-cv-00498-HG-WRP OPINION |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted February 3, 2021
Honolulu, Hawaii

Filed November 16, 2021

Before: Richard R. Clifton, Ryan D. Nelson, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge R. Nelson

## SUMMARY[*]

### Declaratory Relief / Jurisdiction

The panel affirmed the district court's order declining to exercise jurisdiction over a declaratory-relief claim brought under 28 U.S.C. § 2201 and dismissing a diversity insurance coverage action.

Generally, a district court has discretion to decline jurisdiction over a declaratory-relief claim brought under 28 U.S.C. § 2201, so long as it reasonably considers the relevant factors from *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), and *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) (en banc). But when a declaratory claim is joined with an independent monetary one, the district court usually must retain jurisdiction over the entire action.

Argonaut Insurance Company sued St. Francis Medical Center ("SFMC") for declaratory relief, and SFMC filed an answer asking the district court to decline jurisdiction and counterclaimed for declaratory and monetary relief, but only if the district court first exercised jurisdiction over Argonaut's claims.

The panel held that *Dizol*'s mandatory jurisdiction rule did not apply in this case. Because parties can plead a conditional counterclaim and still preserve objections to jurisdiction, such conditionally pled counterclaims, without

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

more, did not trigger mandatory jurisdiction over declaratory claims.

The panel's conclusion was grounded in several Federal Rules of Civil Procedure, which do not require that threshold defenses always be pled by motion. Rules 12(b) and 12(h) provide that a defendant must assert its defense, absent a pre-answer motion, in a responsive pleading if one is required and that it may choose to assert a defense by answer without risking forfeiture of that defense. Here SFMC asserted a threshold defense in its answer. Rule 13 directs a defendant to assert compulsory and permissive counterclaims in its answer; and because the Rules allow threshold defenses (such as improper declaratory jurisdiction) to be pled by answer, those defenses are preserved even if coupled with counterclaims.

The panel agreed with the district court that SFMC's counterclaims were conditional. SFMC's assertion of its counterclaims against Argonaut, together with its answer, was subject to SFMC's threshold objections. The panel held that Argonaut's arguments to the contrary were unpersuasive. Because SFMC did not waive its threshold defense, the district court still had discretionary jurisdiction.

Having held that SFMC's bad faith counterclaim did not invoke the district court's mandatory jurisdiction, the panel next addressed whether the district court abused its discretion by declining jurisdiction in response to SFMC's threshold defense. Because the district court thoroughly considered and correctly concluded that each *Brillhart* and *Dizol* factor favored declining jurisdiction and dismissing, the panel affirmed. Here, the district court properly noted that the declaratory claims could be filed in state court and that deciding them would not settle all aspects of the

controversy or clarify the parties' legal relationships.  The district court's discussion of the *Brillhart* and *Dizol* factors was sufficient to allow for appellate review of its decision to dismiss rather than stay, and the court did not abuse its discretion by not separately discussing whether to dismiss or stay the case.

## COUNSEL

Jeffrey J. Bouslog (argued) and Patrick M. Fenlon, Fox Rothschild LLP, Minneapolis, Minnesota; Alan Van Etten, Deeley King Pang & Van Etten, Honolulu, Hawaii; for Plaintiff-Appellant.

Jordon J. Kimura (argued) and David J. Minkin, McCorriston Miller Mukai MacKinnon LLP, Honolulu, Hawaii; Stephen F. English, Perkins Coie LLP, Portland, Oregon; for Defendant-Appellant.

**OPINION**

R. NELSON, Circuit Judge:

Ordinarily, a district court has discretion to decline jurisdiction over a declaratory-relief claim brought under 28 U.S.C. § 2201.  But when a declaratory claim is joined with an "independent" monetary one, the district court, in most cases, must retain jurisdiction over the entire action. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 & n.6 (9th Cir. 1998) (en banc).  Argonaut Insurance Company sued St. Francis Medical Center ("SFMC") in federal court for declaratory relief.  In response, SFMC filed an answer asking the district court to decline jurisdiction and counterclaimed for declaratory and monetary relief, but *only if* the district court first exercised jurisdiction over Argonaut's claims.

Because parties can plead a conditional counterclaim and still preserve objections to jurisdiction, we hold that such conditionally pled counterclaims, without more, do not trigger mandatory jurisdiction over declaratory claims.  And because the district court properly exercised its discretion in deciding to dismiss, we affirm.

I

This insurance dispute stems from underlying litigation in Hawaii state court ("Hawaii litigation").  Former students sued Kamehameha Schools, alleging sexual abuse by a doctor from the late 1950s through the early 1980s.  Because the doctor had practiced on SFMC's campus, Kamehameha Schools filed crossclaims against SFMC, which sent these crossclaims to its insurer, Argonaut, to defend and indemnify it.  Argonaut initially denied coverage, concluding the Hawaii litigation was not covered by SFMC's policies, but

ultimately agreed to represent SFMC subject to a reservation of rights.

Neither Argonaut nor SFMC could determine the terms and conditions of the relevant policies from decades earlier. Argonaut sought declaratory relief in federal court under 28 U.S.C. § 2201, as to (1) what policies Argonaut had issued to SFMC during the relevant period; (2) the terms and conditions of those policies; and (3) what rights and duties, if any, Argonaut owed SFMC.

In its answer, SFMC asserted a threshold affirmative defense that the district court should decline jurisdiction over Argonaut's declaratory claim, reasoning that jurisdiction over Argonaut's declaratory action was "inappropriate because the claim presents solely issues of state law during the pendency of parallel proceedings in state court." At the same time, it filed two counterclaims. The first mirrored Argonaut's declaratory requests. The second sought monetary relief and alleged Argonaut had breached its duty of good faith. SFMC asserted its counterclaims only "[i]f the Court asserts jurisdiction over Argonaut's declaratory relief claim." One month later, SFMC filed a separate motion again asking the district court to decline jurisdiction over Argonaut's declaratory claims and dismiss the case.

The district court granted SFMC's motion, holding that notwithstanding SFMC's monetary counterclaim, it had discretionary jurisdiction over Argonaut's declaratory claims and the relevant factors supported declining jurisdiction. Argonaut appealed.

II

Whether the district court has mandatory or discretionary jurisdiction over a declaratory claim is reviewed de novo.

*United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001).  We review the district court's decision to decline jurisdiction over a declaratory claim for abuse of discretion.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995); *Dizol*, 133 F.3d at 1223.  We may affirm the district court's order declining jurisdiction on any ground supported by the record.  *See City of St. Paul v. Evans*, 344 F.3d 1029, 1033 (9th Cir. 2003).

## III

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  This provision "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," even if the declaratory claim "otherwise satisfies subject matter jurisdictional prerequisites."  *Wilton*, 515 U.S. at 282, 286.  In other words, a district court is "under no compulsion to exercise [its] jurisdiction" over declaratory claims.  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *see also Dizol*, 133 F.3d at 1223 ("The Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." (internal quotation marks and citation omitted)).  So long as it reasonably considers the relevant factors from *Brillhart* and *Dizol*, "a district court is authorized" as a matter of discretion to "stay or to dismiss an action seeking a declaratory judgment."  *See Wilton*, 515 U.S. at 288; *Dizol*, 133 F.3d at 1223, 1225 & n.5.

Jurisdiction over a declaratory claim is not always discretionary, however: "when other claims [for monetary relief] are joined with an action for declaratory relief . . . the

district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Dizol*, 133 F.3d at 1225. If a monetary claim is "independent," district courts have a "virtually unflagging obligation to exercise jurisdiction over these claims." *Id.* at 1225 n.6 (internal quotation marks and citation omitted). A monetary claim is "independent" (and triggers mandatory jurisdiction) if it satisfies subject matter jurisdiction on its own and is not required to be brought with a declaratory claim. *Id.*; *United Nat'l Ins.*, 242 F.3d at 1113. Take SFMC's bad faith monetary counterclaim as an example. The parties agree the bad faith counterclaim independently satisfies diversity jurisdiction,[1] and Hawaii law allows a plaintiff to file a bad faith claim without appending it to a declaratory claim. Given mandatory jurisdiction over the monetary claim, *Dizol*'s rule would ordinarily suggest retaining jurisdiction over the related declaratory action "to avoid piecemeal litigation." 133 F.3d at 1226.

## IV

The question presented here is whether the mandatory jurisdiction rule applies when the defendant both asserts a

---

[1] SFMC contends that its bad faith counterclaim was not independent because it was contingent on the court retaining jurisdiction over the declaratory claims. *See Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167–68 (9th Cir. 1998) (per curiam) (court must inquire whether claims added to declaratory action "would continue to exist if the request for a declaration simply dropped from the case"). SFMC's counterclaim is independent insofar as it independently satisfies diversity jurisdiction and need not be filed with a declaratory action. *See id.* We note that even though "independent" and "conditional" are usually at odds, because "independent" in this context is a term of art, the counterclaim here can be both independent and conditional on the court exercising its jurisdiction over Argonaut's declaratory claims.

threshold defense that the district court should decline jurisdiction under *Brillhart* and asserts a monetary counterclaim if the court retains jurisdiction. We hold that *Dizol*'s mandatory rule does not apply here.

A

Our conclusion is grounded in several Federal Rules of Civil Procedure. The Rules do not require that threshold defenses always be pled by motion. Rather, Rules 12(b) and 12(h) provide that a defendant must assert its defense, absent a pre-answer motion, in a responsive pleading if one is required and that it may choose to assert a defense by answer without risking forfeiture of that defense. *See* Fed. R. Civ. P. 12(h)(1)(B) (in absence of any "motion under this rule," a defense is waived by "failing to . . . include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course"); *see also Fahey v. O'Melveny & Myers*, 200 F.2d 420, 451 n.9 (9th Cir. 1952) (it is "basic under Rule 12(b)" that a defense of personal jurisdiction "may be joined with a defense on the merits without any waiver resulting"). Here, SFMC asserted a threshold defense in its answer.

In addition, Rule 13 directs a defendant to assert compulsory and permissive counterclaims in its answer, and it follows that because the Rules allow threshold defenses (such as improper venue, personal jurisdiction, or, as here, improper declaratory jurisdiction) to be pled by answer, those defenses are preserved even if coupled with counterclaims. *See Hillis v. Heineman*, 626 F.3d 1014, 1018 (9th Cir. 2010) ("holding that the mere assertion of a counterclaim will not waive a defense of improper venue that was explicitly asserted in an answer filed contemporaneously with the counterclaim"); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 n.1 (9th Cir. 1984) ("[W]e hold that the filing of a permissive counterclaim does

not constitute a waiver of a personal jurisdiction defense asserted in the same pleading."). As we explained in *Hillis*, "allowing a defendant in effect to plead alternatively a counterclaim and one or more threshold defenses conserves judicial resources, for if one of the defenses proves successful, the parties need not litigate a claim that the defendant presumably has no interest in asserting independently." 626 F.3d at 1019 (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1397 (3d ed. 2004)).

B

The district court dismissed Argonaut's claims for declaratory relief because SFMC asserted its counterclaims only "[i]f the [district court] asserts jurisdiction over Argonaut's declaratory relief claim." The court first noted that conditional pleadings are a recognized part of federal practice even if not expressly addressed in the Federal Rules of Civil Procedure. *See, e.g.*, *Evans*, 344 F.3d at 1033 n.6. Then, relying on *Knapp-Monarch Co. v. Dominion Electric Corp.*, 365 F.2d 175, 177 (7th Cir. 1966), the district court found that "a plaintiff may not rely on a defend[ant's] conditional counterclaim to invoke federal subject-matter jurisdiction."**[2]** The parties' briefs focus on the conditional nature of the counterclaim. Argonaut argues that SFMC's monetary counterclaim made the district court's discretionary jurisdiction mandatory; and SFMC argues that

---

**[2]** Other circuits have reached conclusions about conditional counterclaims much like *Knapp-Monarch*, albeit in different contexts. *See, e.g.*, *Gen. Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 25 (1st Cir. 1991) (explaining conditionally pled counterclaims "will not undercut a preserved jurisdictional defense" because "the counterclaim is put forward as a conditional position and will not be independently pressed if the primary action is dismissed").

its counterclaims were conditional, not independent, and did not invoke mandatory jurisdiction.

We agree with the district court that SFMC's counterclaims were conditional. By pairing its objection to jurisdiction with what are "in effect" a set of "alternatively" pled counterclaims, SFMC did not invoke the district court's mandatory jurisdiction. *See Hillis*, 626 F.3d at 1019 (citation omitted). Rather, SFMC's assertion of its counterclaims against Argonaut, together with its answer, was subject to SFMC's threshold objections. To hold otherwise would be to allow one of SFMC's pleadings to defeat the other, even though SFMC pleaded them in a manner explicitly allowed by the Rules. If SFMC had moved to decline jurisdiction before filing its answer and counterclaims, *see Wilton*, 515 U.S. at 280, there would have been no counterclaim to trigger mandatory jurisdiction, as Argonaut concedes. Asking the district court to decline jurisdiction in the answer, and later by separate motion, makes no difference, and the alternatively asserted counterclaims should be disregarded in addressing that objection.[3]

C

Argonaut's arguments to the contrary are unpersuasive. Argonaut argues that under *Spectacor Management Group v. Brown*, 131 F.3d 120 (3d Cir. 1997), a counterclaim is brought within a district court's jurisdiction if filed as part of an answer. In *Spectacor*, the Third Circuit held that the

---

[3] Argonaut has not contended that SFMC was not authorized under the rules to raise its objection by motion after filing its answer. *Cf.* Fed. R. Civ. P. 12(b), (h)(1)(B)(i). Its position is instead that the post-answer motion should have been denied on the merits because, in light of SFMC's monetary counterclaim, *Dizol*'s mandatory jurisdiction rule applied.

defendant by "assert[ing] a compulsory counterclaim against the plaintiff" in an answer rather than moving to dismiss, had "thereby place[d] the amount of the counterclaim into controversy." *Id.* at 125. But *Spectacor* is inapposite. It addressed a counterclaim's impact on satisfying subject matter jurisdiction, *see id.* at 121, not whether the district court had discretion to decline jurisdiction when jurisdictional requirements were otherwise satisfied.[4] If SFMC had included in its pleadings a factual allegation or admission with jurisdictional significance, that bell could not be unrung when it came to resolving SFMC's jurisdictional objection. But that does not mean, as Argonaut would have it, that SFMC's assertion of counterclaims defeated its simultaneous objection to retaining jurisdiction.

Argonaut also argues that under *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990), the district court's jurisdiction was "invoked by the filing" of a pleading. But *Cooter* also does not apply. *Cooter* involved a district court's jurisdiction over a complaint for Rule 11 purposes, not a declaratory claim. *See generally id.* Thus, *Cooter* does not provide guidance on a district court's discretion to decline jurisdiction over declaratory claims.

Moreover, Argonaut contends that SFMC waived its objection to jurisdiction because of its litigation conduct after filing its answer and counterclaims. But we disagree.

---

[4] *Microsoft Corp. v. GeoTag, Inc.*, 817 F.3d 1305 (Fed. Cir. 2016), and *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899 (Fed. Cir. 2014), are likewise inapposite. Like *Spectacor*, these cases involved whether plaintiff-filed declaratory claims satisfied subject matter jurisdiction, not whether a district court retained discretion to decline jurisdiction otherwise satisfied. *See GeoTag*, 817 F.3d at 1311–12; *DataTern*, 755 F.3d at 906.

Argonaut points out that SFMC insisted that its counterclaims be included in the discovery plan, filed a scheduling conference statement focusing only on its counterclaims, and demanded a jury trial on its counterclaims, all without mentioning that its counterclaims were conditional. By accepting these filings, Argonaut argues, the district court exercised jurisdiction over the bad faith counterclaim and thus satisfied SFMC's conditions precedent and triggered mandatory jurisdiction.

Though "[m]ost defenses . . . may be waived as a result of the course of conduct pursued by a party during litigation," *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998), the party generally must have engaged in "conduct inconsistent with raising or maintaining the defense" for such waiver to be found, *Lazar v. Kroncke*, 862 F.3d 1186, 1200–01 (9th Cir. 2017). An objection to personal jurisdiction, for example, has been forfeited where, after properly preserving the objection in its answer, a defendant then "fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction." *Cont'l Bank v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993); *see also Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 530 (9th Cir. 2018) ("[D]efendants had clearly waived any objection to in rem jurisdiction by litigating the merits of Barnes's claims for more than 15 months.").

SFMC's routine post-answer and pre-discovery conduct did not waive its objection to jurisdiction because its conduct was not inconsistent with maintaining its threshold defense. SFMC did not waive its defense by engaging in what would be necessary litigation procedures in the event the district court retained jurisdiction and SFMC's counterclaims moved forward. A district court has discretion to decline

jurisdiction "before trial or after all arguments have drawn to a close." *Wilton*, 515 U.S. at 288.[5]  Accordingly, because SFMC did not waive its threshold defense, the district court still had discretionary jurisdiction.

V

Having held that SFMC's bad faith counterclaim did not invoke the district court's mandatory jurisdiction, we turn to whether the court abused its discretion by declining jurisdiction in response to SFMC's threshold defense. Because the district court thoroughly considered and correctly concluded that each factor favored declining jurisdiction and dismissing, we affirm.

A

When, as here, a district court has discretion to decline jurisdiction over a declaratory claim, "[t]he *Brillhart* factors remain the philosophic touchstone for the district court." *Dizol*, 133 F.3d at 1225.  Under *Brillhart*, district courts must "avoid needless determination of state law issues," "discourage litigants from filing declaratory actions as a means of forum shopping," and "avoid duplicative litigation." *Id.  Dizol* suggested additional considerations:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose

---

[5] That said, the longer a case progresses, a district court in its discretion may be less inclined to entertain such a motion. *See, e.g.*, *Emps. Mut. Cas. Co. v. N. Am. Specialty Flooring, Inc.*, 424 F. Supp. 3d 958, 972 (E.D. Cal. 2019) (rejecting motion to decline brought "*after* discovery ha[d] closed and *after* [plaintiff] ha[d] brought a motion for summary judgment").

> in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.* at 1225 n.5 (citation omitted). If, as here, "a party properly raises the issue [of discretionary jurisdiction] in the district court, the district court must make a sufficient record of its reasoning to enable appropriate appellate review." *Id.* at 1225. District courts, however, retain "substantial latitude" in deciding whether to decline jurisdiction, even if a state proceeding is the basis for declining jurisdiction. *Wilton*, 515 U.S. at 286.

## B

The district court properly evaluated the *Brillhart* and *Dizol* factors: it noted that (1) there was related litigation in state court involving SFMC; (2) insurance law is an area regulated by the states; (3) there is no compelling federal interest in this case; (4) dismissing this case would discourage forum shopping; (5) dismissal would avoid duplicative litigation on any overlapping issues; (6) proceeding with this case in federal court "would entangle the state and federal court systems"; and (7) state court would be as convenient a forum as federal court for this case.

Argonaut does not contend that, if *Dizol*'s mandatory rule does not apply, the district court should have still exercised its discretion to go forward with adjudicating Argonaut's declaratory-relief claim.  Instead, Argonaut argues that the district court abused its discretion by failing to explain adequately why it dismissed Argonaut's claims rather than stay them.

Related to the first *Brillhart* and *Dizol* factors (avoiding state law issues and settling the whole controversy), Argonaut contends that because its declaratory claims are not part of the Hawaii litigation, the district court could have stayed its claims without needlessly deciding all aspects of the state lawsuits.  But, if the proceedings share the same factual predicates and the issues depend on state law, "the state court is the more suitable forum for a petitioner to bring a related claim," and the district court did not abuse its discretion by declining jurisdiction. *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1016–17 (9th Cir. 1995) (identical issues unnecessary), *overruled in part on other grounds by Dizol*, 133 F.3d at 1227; *see also Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 754–55 (9th Cir. 1996) (citations omitted) (identical parties unnecessary), *overruled in part on other grounds by Dizol*, 133 F.3d at 1227.  Here, as recognized by the district court, Argonaut's claims involve a matter of state law, and the declaratory claims are related to the Hawaii litigation, even if the proceedings do not share the same issues or parties.

As to the second *Brillhart* factor, Argonaut argues that allowing counterclaims to be pled conditionally would lead to forum shopping.  *See Dizol*, 133 F.3d at 1225.  Even assuming that the second factor encompasses such a concern, Argonaut provides no basis for concluding that

SFMC was, in fact, forum shopping when Argonaut filed in federal court first.

Related to the third *Brillhart* factor (avoiding duplicative litigation), Argonaut argues that dismissing wastes judicial resources since Argonaut could remove the action to federal court based on diversity jurisdiction should SFMC file its bad faith counterclaim as a freestanding action in Hawaii state court.  Though this argument was raised below, the district court did not address the argument in its order.

This omission was not an abuse of discretion.  If the district court's order were "devoid of reasoning," generally we would remand for further consideration.  *Id.*  But the district court analyzed every *Brillhart* and *Dizol* factor before dismissing.  True, these factors are not exhaustive, *id.* at 1225 n.5, and the possibility of removal is likely relevant to overarching considerations of "practicality and wise judicial administration," *see Wilton*, 515 U.S. at 288.  But we decline to find abuse of discretion where the district court aptly considered the relevant enumerated *Brillhart* and *Dizol* factors and reached a reasonable conclusion.  *Id.* at 286.

Finally, Argonaut claims the district court erred by dismissing, rather than staying, the declaratory claims.  But it provides no authority suggesting that a district court abuses its discretion by dismissing rather than staying.  When it has discretionary jurisdiction, the district court can choose to stay an action (i.e., the "postponement of [a] decision") or "decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) (citation omitted); *see also United Nat'l Ins.*, 242 F.3d at 1107 ("[T]he district court declined to exercise discretionary jurisdiction under the Declaratory Judgment Act, and therefore dismissed the [declaratory claim] without

prejudice."). Although we recognize "that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course," *Wilton* described a district court's discretion to decline jurisdiction as the ability "to stay or to dismiss an action seeking a declaratory judgment." 515 U.S. at 288 & n.2; *see also Brillhart*, 316 U.S. at 494 (describing the district court's discretion as the ability to dismiss a declaratory claim).

Only limited overlap between the coverage litigation and the underlying claims would seem to weigh against a potentially lengthy stay of the coverage litigation pending the outcome of the state litigation. Letting the case go forward supports dismissal, which would allow the coverage litigation to be refiled and proceed in state court. *See* Haw. Rev. Stat. § 632-1 (2020) (providing that parties may file declaratory judgment actions); *see also Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278–79 (6th Cir. 1990) (holding that an insurer's federal declaratory action should be dismissed in part because the insurer "could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action").

*             *             *

Here, the district court properly noted that the declaratory claims could be filed in state court and that deciding them would not settle all aspects of the controversy or clarify the parties' legal relationships. Its discussion of the *Brillhart* and *Dizol* factors was sufficient to allow for appellate review of its decision to dismiss rather than stay. *See Dizol*, 133 F.3d at 1225. And the district court did not

abuse its discretion by not separately discussing whether to dismiss or stay the case.[6]

**AFFIRMED**.

---

[6] We give no weight to the typographical error in the district court opinion's subheading, which read, "The *Dizol* Factors Favor Staying Proceedings."  The other headings in the same division stated that the court favored dismissal, and the district court's holding and analysis are otherwise clear.