NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC, a Washington corporation,

        Plaintiff - Appellant,

  v.

ARMANDO CADENA SANTILLANA,

        Defendant - Appellee.

No. 24-108

D.C. No.
2:20-cv-00349-LK

MEMORANDUM[*]

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC,

        Plaintiff - Appellee,

  v.

ARMANDO CADENA SANTILLANA,

        Defendant - Appellant.

No. 24-1731

D.C. No.
2:20-cv-00349-LK

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Argued and Submitted February 14, 2025
Seattle, Washington

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER, GOULD, and NGUYEN, Circuit Judges.

Expeditors International of Washington, Inc. ("Expeditors") appeals the district court's judgment dismissing with prejudice its second amended complaint against Armando Cadena Santillana ("Cadena"), and Cadena cross-appeals the district court's order denying his motion for attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court's dismissal for failure to state a claim is reviewed de novo, and its decision to strike claims without leave to amend is reviewed for abuse of discretion. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). We reverse the district court's judgment and remand for further proceedings. Because our disposition moots the issue of attorney's fees,[1] we dismiss Cadena's cross-appeal.

1. Expeditors has Article III standing to pursue its claim for declaratory relief. Its injury "is 'likely' to be 'redressed by judicial relief,'" *Haaland v. Brackeen*, 599 U.S. 255, 292 (2023) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)), because a favorable judgment would end the uncertainty about its potential liability to Cadena for the stock options. This is not a case involving nonparties with "no reason . . . to honor an incidental legal determination

---

[1] Cadena sought attorney's fees pursuant to Washington's long-arm statute, which permits a fee award to a defendant who "is personally served outside the state" on certain claims "and prevails in the action." Wash. Rev. Code § 4.28.185(5). Given our disposition, Cadena has no longer prevailed in the action.

the suit produced." *Id.* at 293 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 (1992) (plurality opinion)). Fidelity has made clear that it "follows the instruction of Expeditors" regarding the stock options.

2. The district court erred in dismissing Expeditors' declaratory judgment claim. Although the stock option agreements do not expressly impose a duty of loyalty on Cadena, they incorporate Washington law, under which an employee has an "implied duty of loyalty to his principal." *Organon, Inc. v. Hepler*, 595 P.2d 1314, 1317 (Wash. Ct. App. 1979); *see also Newman v. Highland Sch. Dist. No. 203*, 381 P.3d 1188, 1193 (Wash. 2016) (recognizing that an employee "owes duties of loyalty, obedience, and confidentiality to the corporation"). If, as alleged, Cadena participated in a scheme that embezzled more than $2.85 million from Expeditors' Mexican subsidiary, then Cadena breached his duty of loyalty. *See Organon*, 595 P.2d at 1317.

Cadena argues that he was an employee of Expeditors' Mexican subsidiary—not Expeditors—and that Washington law does not apply to that employment relationship. For the purpose of determining his right to exercise the stock options, however, he was an Expeditors employee. The stock option agreements refer to Cadena's "employment with the Company," which is defined as Expeditors—not its Mexican subsidiary. Cadena allegedly "reported (dotted line)" to Expeditors' Seattle-based CFO. And in accepting the stock options,

3                                                                                              24-108

Cadena agreed that one of Expeditors' purposes in granting the options was "to retain [his] services" as a "valued key employee[]." But regardless of whether Cadena's duty of loyalty arose as an implied term under Washington agency law or an implied term under Washington contract law, Expeditors adequately alleged such a duty.[2]

Cadena argues that even if he breached his duty of loyalty, Washington law does not permit Expeditors to rescind his vested stock options. Although an employer generally cannot "withhold or divert any portion of an employee's wages" after discharging the employee, Wash. Rev. Code § 49.48.010(3), nothing prevents the employer from seeking a judicial determination that it has no obligation to compensate the employee. *See Backman v. Nw. Publ'g Ctr.*, 197 P.3d 1187, 1189 (Wash. Ct. App. 2008) (distinguishing another case where "employees had unquestionably earned the wages" at issue). If Expeditors can prove that Cadena violated his duty of loyalty, it may not be obligated to honor the stock options. *See Cogan v. Kidder, Mathews & Segner, Inc.*, 648 P.2d 875, 880 (Wash.

---

[2] In the alternative, Expeditors argues that Cadena's alleged disloyalty constituted a material failure of the consideration, permitting rescission of the stock option agreements. We disagree. Where an employee's services "resulted in tangible benefits" to the employer, the employer is "not entitled to rescind [the] contract of employment and retain the results of those services without compensation." *Batcheller v. Town of Westport*, 235 P.2d 471, 481 (Wash. 1951). Expeditors does not allege that it received no benefits from Cadena's employment, nor is such an inference plausible given that Expeditors continued to employ Cadena for several years before discovering the fraud.

1982) ("An agent is entitled to no compensation for conduct which is disobedient or which is a breach of his duty of loyalty." (quoting Restatement (Second) of Agency § 469 (Am. L. Inst. 1958))).

3. The district court abused its discretion in denying leave to amend the stricken claims based on undue delay and prejudice.[3] Although "a district court has discretion to deny leave to amend when there are 'countervailing considerations' such as 'undue delay, prejudice, bad faith, or futility,'" *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) (quoting *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015)), amendment should be permitted "with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

"Undue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). And amendment would not have prejudiced Cadena given that the litigation was

---

[3] Because we reinstate the stricken claims, we decline Cadena's invitation to affirm the dismissal of Expeditors' declaratory relief claim on the ground that it would frustrate his wrongful termination suit in Mexico. A plaintiff's "purposes of procedural fencing or to obtain a 'res judicata' advantage" may be a basis to decline jurisdiction under the Declaratory Judgment Act, *Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1284 (9th Cir. 2021) (quoting *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998)), but not if the plaintiff also brings claims for damages, *see id.* at 1280.

still at the pleadings stage and the parties have not yet begun discovery. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (holding that plaintiff's two-year delay in seeking to add new claim was not prejudicial because "the complaint gave . . . fair notice of the facts supporting the . . . claim" and the need for additional discovery was "questionable"); *see also Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) ("This is not a case where plaintiffs took 'three bites at the apple' by alleging and re-alleging the same theories in an attempt to cure pre-existing deficiencies. Instead, plaintiffs' [amended pleading] included additional theories not previously alleged.").

**REVERSED and REMANDED.**