NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMORY D. CHRISTIAN,

                Plaintiff-Appellant,

    v.

RANCHO GRANDE MANUFACTURED
HOME COMMUNITY, a limited
partnership; SUSAN ROBERTS; BURT
HAMERNICK; LISA HAMERNICK;
BART HOTCHKISS; STACY
STEPHENSON,

                Defendants-Appellees.

No. 22-16821

D.C. No. 3:21-cv-07040-VC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted December 8, 2023
San Francisco, California

Before:  COLLINS, FORREST, and SUNG, Circuit Judges.

    Emory Christian brought this civil rights action alleging that several

Defendants subjected her to various forms of discriminatory treatment arising out

of a dispute she had with one of her neighbors in the Rancho Grande Manufactured

Home Community ("RGMHC") in Rohnert Park, California.  The district court

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

dismissed the five federal claims in the operative complaint for failure to state a claim on which relief could be granted, *see* FED. R. CIV. P. 12(b)(6), and the court declined to retain supplemental jurisdiction over Christian's state law claims. Christian has timely appealed. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's dismissal of the complaint de novo, *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004), we affirm.

1. The district court correctly dismissed (1) Christian's second cause of action under 42 U.S.C. § 1982 alleging racial discrimination against RGMHC; and (2) Christian's fourth cause of action under 42 U.S.C. § 1981 alleging racial discrimination against Susan Roberts, RGMHC, and RGMHC's onsite managers (Burt and Lisa Hamernick). These two statutes require proof of "intentional" racial discrimination. *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982) (construing § 1981); *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 448 (2008) (noting that "the Court has construed §§ 1981 and 1982 alike"). We agree with the district court that the operative complaint does not plead sufficient facts to raise a plausible inference of discriminatory intent on the part of any of the relevant Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–82 (2009).

Christian and Roberts occupy adjacent lots in RGMHC, and they have been in a contentious property dispute ever since Christian moved into RGMHC in

2019.  Christian alleges that Roberts allowed vegetation on her lot to overgrow onto Christian's lot and that Roberts continued to do so until the vegetation was finally removed in January 2022, after this lawsuit was filed.  Christian further claims that Roberts engaged in a variety of other misconduct, including altering the lot line between her lot and Christian's so as to enlarge Roberts' lot.  While Roberts' alleged conduct may be actionable under California law, Christian's race discrimination claims under §§ 1981 and 1982 require her to show that "racial animus was a 'but for' cause" of Roberts' actions.  *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 331–33 (2020).  Christian has failed to plead sufficient facts to support a plausible inference that Roberts acted as she did because Christian is Black.  Christian points to her allegation that Roberts once stated that her "rights were being slowly eroded" in the property dispute, and Christian asserts that, in context, this comment should be understood as referring to her rights "as a White person" and that it therefore reflects a "white supremacist ideology."  But a mere reference to "rights" in a heated property dispute does not, without more, suggest a racial connotation, and Christian's proffered inference rests on speculation rather than the "well-pleaded facts" required by *Iqbal*.  556 U.S. at 682.

Christian's allegations as to RGMHC and the Hamernicks similarly fall short.  Christian alleges that these Defendants violated her property rights under

3

California law in multiple respects, but she fails to plead facts that would give rise to a plausible inference that race was a but-for cause of their actions. Christian relies primarily on an email that Burt Hamernick allegedly sent to her on August 4, 2021, in which he recounted a conversation between the two of them about the dispute with Roberts. Christian alleges that, in the email, Burt Hamernick stated: "On July 1, 2020, I was approached by you, outside the clubhouse, and you identified yourself by name, race and gender and thought you were being discriminated against by your neighbor, also stating you were dealing with the BLM situation." Christian does not dispute that she complained about racial discrimination in the recounted conversation, but she specifically denies that she ever mentioned "BLM, (Black Lives Matter)." She contends that this false statement was included in the email by Burt Hamernick to "silently signal [to] his higher ups" that Christian "was not only an African American woman but a highly undesirable African American woman, given her sympathies to BLM." But as the district court recognized, this inference is implausible given that the complaint alleges that the email was sent only to Christian herself and not to the Hamernicks' superiors in RGMHC.

Christian argues that a plausible inference of race-based animus arises from alleged differential treatment of comparable white residents, but once again the complaint fails to allege sufficient facts to support this theory. Chistian notes that

4

the complaint alleges that two white RGMHC residents developed "landscape hazards" on their properties that the Hamernicks timely "remediated," and she contends that the failure to address Roberts' overgrowth onto her property constitutes differential treatment and gives rise to an inference that race was a but-for cause. However, the complaint does not provide any facts to show that the respective circumstances of these "landscaping hazards" were sufficiently similar to Christian's situation as to raise a plausible inference that RGMHC's response to Christian's dispute with Roberts was motivated by race.

Christian also alleges that, when she was meeting with Lisa Hamernick to sign her lease, Burt Hamernick was at a nearby desk and glanced at her "with a look of incredulity and disgust," which Chistian alleges shows his racial antipathy toward her from the outset. But Christian's subjective impression of a facial expression is not enough, even in the context of her other allegations, to support a plausible inference that the Hamernicks and RGMHC discriminated against her based on race.

2. Christian's third cause of action was a retaliation claim under § 1981 against RGMHC, the Hamernicks, and Roberts. However, Christian's counsel conceded at oral argument that her opening brief did not address the elements of this claim, and we therefore deem the issue to have been forfeited. *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) ("We review only issues

which are argued specifically and distinctly in a party's opening brief." (citation omitted)).

3. The district court properly dismissed Christian's fifth cause of action, which asserted a claim under 42 U.S.C. § 1983 against two inspectors from the California Department of Housing and Community Development, Bart Hotchkiss and Stacy Stephenson. The complaint alleges that Hotchkiss and Stephenson deprived Christian of "her federal rights of substantive due process and equal protection of the law by facilitating" the other Defendants' "seizure of a substantial part" of Christian's lot. In her opening brief, Christian characterizes this claim as resting, not just on alleged racial discrimination in violation of the Equal Protection Clause, but also on the Fourth Amendment. The complaint fails to allege a viable claim under these theories.

Christian argues that the overgrowth from Roberts' property was itself a seizure, but the complaint alleges no facts that would plausibly suggest that Hotchkiss and Stephenson are liable for Roberts' alleged overgrowth of foliage onto her neighbor's property. *See United States v. Rosenow*, 50 F.4th 715, 728 (9th Cir. 2022) (holding that the Fourth Amendment does not reach "intrusive conduct by private individuals"). Christian alternatively points to her allegation that Stephenson agreed with Burt Hamernick that the "permanent corner lot marker" between Christian's and Roberts' property would be moved "four inches

6

more deeply into [Christian's] lot." To establish that this amounted to a seizure, rather than a correct resolution of the boundary dispute, Christian needed to allege facts supporting a plausible, non-speculative inference that this disputed four-inch section was indeed part of her lot. The complaint fails to do so; instead, it alleges that "no one knows to this day where the accurate lot line is located." Finally, the complaint is bereft of any allegations that would raise a plausible inference that these state inspectors acted out of racial animus towards Christian.

4. The district court also correctly dismissed Christian's first cause of action, brought under 42 U.S.C. § 1985(3), alleging that all Defendants had conspired to interfere with Christian's constitutional rights. To establish a § 1985(3) conspiracy claim, a plaintiff must show, *inter alia*, that the alleged conspirators were motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Because, as we have explained, Christian has failed to plead facts to support a plausible inference of race-based animus on the part of any of the Defendants, this claim fails for substantially the same reasons noted earlier.

5. The district court properly denied Christian leave to amend to add additional claims.

Christian proposed to add § 1983 claims against RGMHC, the Hamernicks, and Roberts. Christian's opening brief asserts that the facts alleged in the

operative complaint suffice to establish that these private Defendants "engaged in joint actions" with the state inspectors "to deprive Christian of her property." *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'" (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980))). But as we have explained, the only alleged joint action with the inspectors relates to the adjustment of the lot marker, and Christian's complaint fails to allege sufficient facts to establish that this amounted to a deprivation of property.

Christian also sought leave to add a claim under § 804(b) of the Fair Housing Act ("FHA"), which prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race." 42 U.S.C. § 3604(b). Any claim for intentional race-based discrimination under § 804(b) fails for the same reasons we have discussed earlier. Christian notes that § 804(b) has also been construed to reach disparate-impact claims, *see Committee Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 711 (9th Cir. 2009), but her opening brief fails to explain how she can satisfy the elements of such a claim. Christian's opening brief claims that a "disparate impact" is present here based on the Defendants' alleged application of "one-of-a-kind policies" to

8

her, but the brief fails to explain how this alleged singular impact on one person satisfies the legal requirements for a disparate impact claim under the FHA. *See Southwest Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 960–66 (9th Cir. 2021).[1]

6. Because all federal claims were properly dismissed and leave to add additional federal claims was properly denied, the district court did not err in declining to exercise supplemental jurisdiction over Christian's state law claims. Because we thus affirm the district court's judgment, Christian's request for reassignment to a new district judge on remand is moot.[2]

**AFFIRMED.**

---

[1] On appeal, Christian also seeks leave to assert a retaliation claim under § 818 of the FHA, 42 U.S.C. § 3617. Because Christian did not raise this proposed § 818 claim before the district court, the issue is forfeited. *Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010) (stating that "arguments . . . raised for the first time on appeal" are "waived").

[2] We deny Christian's motion to strike the answering brief of RGMHC and the Hamernicks and to impose sanctions (Dkt. 45).